## MILLS *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 50, September Term, 1963.]

594

*Decided December 9, 1963.*

Before Brune, C. J., and Henderson, Hammond, Marbury and Sybert, JJ.

Henderson, J., delivered the opinion of the Court.

In this application for leave to appeal from a finding of defective delinquency, the petitioner raises eleven contentions, all of a general nature, which may be summarized as follows:

1. Denial of due process and equal protection of the laws;

2. Double Jeopardy;

3. The statute operates as an ex post facto law;

4. The statute imposes cruel and unusual punishment because (a) the penalty is unlimited and (b) it authorizes psychiatric experimentation on human guinea pigs;

5. The statute violates the rule against self-incrimination by authorizing (a) the use of psychiatric records and interviews and (b) the testimony of doctors in violation of the doctor-patient trust relationship;

6. Administrative policy is made retroactive;

7. The court refused a postponement after he had refused to accept the services of his court-appointed attorney.

The arguments of points (1) and (2) were raised and disposed of in the case of *Eggleston v. State,* 209 Md. 504. The arguments of points (3), (4) and (5) were disposed of in *Simmons v. Director,* 227 Md. 661. See also *McDonough v. Director,* 229 Md. 626. Contention (6) is too vague and unintelligible to require an answer.

As to contention (7), the docket entries show that the attorney appointed to represent the petitioner obtained a psychiatrist to examine him at State expense, and when he was not satisfied with the report, obtained a second psychiatrist to examine the petitioner. Both agreed that he was a defective delinquent. This attorney represented him from May 11, 1962,

until March 10, 1963, when the petitioner wrote the attorney asking him to withdraw from the case, which had been set for trial on March 20, 1963. The docket entries further show that on March 20, 1963, the petitioner notified the court he wanted a court trial and would proceed to trial without an attorney. If, as the petitioner now claims, the court refused a further postponement, we find no abuse of discretion under the circumstances, cf. *Bullock v. Director,* 231 Md. 629, 632.

*Application denied.*

[App. No. 51, September Term, 1963.]

*Decided December 9, 1963.*

Before BRUNE, C. J., and HENDERSON, HAMMOND, MARBURY and SYBERT, JJ.