## SIMON *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 159, September Term, 1963.]

*Decided June 10, 1964.*

Before HENDERSON, HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

HENDERSON, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of post conviction relief by Judge Shook. The applicant was convicted of sodomy in 1958 and subsequently committed to Patuxent Institution after having been found to be a defective delinquent. He was paroled from Patuxent in 1961, but on October 8, 1962, he was alleged to have committed the crime of assault and battery upon two girls, aged 10 and 11. He was tried upon information before a trial magistrate in the People's Court, represented by experienced counsel of his own selection, convicted and sentenced to three years on each charge to run consecutively. He was remanded to Patuxent for violation of parole. He did not appeal, relying to some extent upon the advice of his attorney, who wrote him that he thought it unlikely that his defense of an alibi would prevail over the identification of the girls before a jury, the same defense raised before the magistrate. The attorney also pointed out that the length of the sentence would probably have very little effect upon the officials at Patuxent, even if he should succeed in having it reduced.

On December 3, 1963, he filed this proceeding in proper person. He expressly disclaimed "the privilege of applying under the pauper's oath" as he was "able to defray any possible cost or expense." He further stated that "should the situation arise where representation by counsel is necessary petitioner requests the court's permission to represent himself." The petition was entitled in the alternative "for writ of habeas corpus or to set aside or correct under post-conviction Procedure Act." Judge Shook, in a written opinion denying the petition, treated it as an application for post conviction relief under Code (1963 Supp.), Art. 27, sec. 645 A.

The petition consisted of thirty-four hand-written pages. The contents are, however, analyzed in the brief of the Attorney General to cover five main contentions:

(1). That he was convicted as a result of an illegal arrest and

an illegal search and seizure. (It does not seem to be alleged that any tangible evidence was seized or offered in evidence, cf. *Shefton v. Warden*, 234 Md. 627, 199 A. 2d 228, or that he at any time made any confession or admission of guilt; but the facts may be otherwise.)

(2). That he was interrogated by arresting officers without having been allowed to contact counsel or his wife. (Here again, it is not shown that the interrogation bore fruit.)

(3). That the verdict was against the evidence, and the child witnesses, the only ones to identify him, were improperly coached and influenced by the police officers.

(4). That he was inadequately represented by counsel, who failed to cross-examine the State's witnesses or to produce evidence in his favor as requested.

(5). That the magistrate did not have jurisdiction to try him.

He also attacked his detention at Patuxent under his former conviction, alleging:

(a). That the People's Court did not have jurisdiction to permit him to be recommitted to Patuxent prior to committing him to the House of Correction on the sentences handed down;

(b). That the indeterminate sentence to Patuxent and his parole and recommitment thereto were illegal;

(c). That the docket entries relative to his commitment were not in order.

There is no merit in the last three contentions. Upon conviction in the People's Court if not before, he was liable as a parole violator to be returned to Patuxent, to which he had been committed and only conditionally released. Cf. *O'Connor v. State*, 234 Md. 459. Petitioner cannot be heard to complain that he was released on bail pending trial, or that the magistrate did not suspend the sentences, if we assume without deciding that the magistrate might have done so in the exercise of a sound discretion. The reference to suspension of sentence in Code (1963 Supp.), Art. 31B, sec. 9 (b), refers to the "sentence for the original criminal conviction," not to a later one. Likewise if we assume without deciding that an attack could now be made upon the validity of his original commitment to Patuxent, there are no grounds alleged except those general ones

that have been repeatedly held inadequate in our prior opinions beginning with *Eggleston v. State,* 209 Md. 504. See also *Mills v. Director,* 233 Md. 593. The contention as to docket entries is apparently based on the fact that the warrants or informations on which he was charged did not name the persons assaulted, or list the witnesses for either side. Proceedings by way of informations are not conducted with the strictness required of indictments. They were apparently signed, however, by counsel for the accused, and any defects therein would appear to have been waived, if now open to collateral attack.

In regard to the first five grounds of attack upon the convictions in the People's Court, a different situation is presented. Judge Shook apparently took the view that the commitment, and recommitment, to Patuxent precluded attack upon the convictions and sentences he is not now serving. But sec. 645A (b) provides that a petition for post conviction relief "may be filed at any time," and we have held that it may be filed although the petitioner is not then detained under the sentence attacked. *Roberts v. Warden,* 221 Md. 576, 580. Judge Shook's statement that the petitioner has "raised no valid grounds in his petition under the Post Conviction Procedure Act" is not correct. Of course, he cannot have a retrial on an issue of guilt or innocence, but he may raise questions concerning the jurisdiction of the trial court, or alleged infractions of constitutional rights that may render the trial a nullity. These matters were not passed on by the court below.

Accordingly we shall grant leave to appeal and remand the case for consideration by the court below of the five questions listed above.

*Leave to appeal granted and case remanded for further proceedings.*