LAIRD *v.* DIRECTOR OF PATUXENT INSTITUTION

[App. No. 51, September Term, 1964.]

*Decided December 7, 1964.*

Before HENDERSON, C. J., and HAMMOND, PRESCOTT, HORNEY, MARBURY, SYBERT and OPPENHEIMER, JJ.

HENDERSON, C. J., delivered the opinion of the Court.

In this application for post conviction relief, denied by Judge Harlan in the court below, the attack is upon the jurisdiction of the court that committed him to Patuxent, a point not raised

in his application for leave to appeal from the determination of defective delinquency denied in *Laird v. Director,* 234 Md. 604. That the point is properly before us seems clear from *Simon v. Director,* 235 Md. 626, 629, *Blizzard v. State,* 218 Md. 384, 388, and *Doxzen v. Director,* 236 Md. 657. He was sentenced to 3 years for automobile larceny in 1955, and 7 years for robbery in 1956, to run consecutively from November 30, 1955. In 1959, he was convicted in Anne Arundel County of escape and sentenced to 6 months, to run consecutively with his prior sentences. While on parole in 1961, he was sentenced in Baltimore City to 18 months, consecutively to the other sentences, for manslaughter. He was transferred to Patuxent for examination on November 7, 1962. His claim that Anne Arundel County was the place of his last sentence is obviously unfounded, *McCloskey v. Director,* 230 Md. 635, as is his claim that his sentences had expired. His sentences run until November 30, 1967, and even with allowance for earned credits if applicable would not have expired until approximately November 30, 1963. See Code (1964 Supp.), Art. 27, sec. 700. They had not expired at the date of his transferral to Patuxent on November 7, 1962. There is no merit in his contention that the Act is unconstitutional. See *McDonald v. Director,* 236 Md. 642, and *Eggleston v. State,* 209 Md. 504.

*Application denied.*