## SIMON *v.* WARDEN OF THE MARYLAND HOUSE OF CORRECTION

[App. No. 74, September Term, 1964.]

*Decided March 5, 1965.*

Before Prescott, C. J., and Horney, Sybert, Oppenheimer and Barnes, JJ.

BARNES, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of post conviction relief by Judge Shook in the Circuit Court for Montgomery County. The applicant was convicted by that Circuit Court in May 1958 of sodomy and was sentenced to serve seven (7) years in the Maryland Penitentiary. After referral to the Patuxent Institution for observation and examination, a hearing was held before Judge Shook and on September 11, 1958 she determined that he was a defective delinquent. He was ordered committed to the Patuxent Institution.

On December 26, 1961, the applicant was admitted to parole by the Institutional Board of Review. While he was on parole he was arrested and charged with assault and battery (of a sexual nature) upon two girls, aged 10 and 11. The People's Court of Montgomery County found him guilty of both charges in November 1962 and sentenced him to serve two consecutive terms of three (3) years each in the House of Correction and returned him to the Patuxent Institution as a parole violator. The House of Correction lodged a detainer with the authorities at the Patuxent Institution for the aggregate 6-year term imposed in November 1962, in the event the applicant should ever thereafter be released from the Patuxent Institution.

On December 6, 1963, he filed an original petition in proper person for relief. The petition was entitled in the alternative "for writ of habeas corpus or to set aside or correct under Post-Conviction Procedure Act," and requested the Court to make the election between the two methods of relief. Judge Shook in a written opinion denying the petition, treated it as an application for post-conviction relief under Code (1963 Supp.), Art. 27, Sec. 645A. From the order denying relief, the applicant applied for leave to appeal to this Court.

On June 10, 1964, we granted leave to appeal and remanded the case for further proceedings *Simon v. Director,* 235 Md. 626, 201 A. 2d 371. Judge Henderson, speaking for the Court, pointed out in the opinion that there were five main contentions presented in the application of some thirty-four hand-written pages. These were:

"(1) That he was convicted as a result of an illegal arrest and an illegal search and seizure. (It does not seem to be alleged that any tangible evidence was seized or offered in evidence, cf. *Shefton v. Warden*, 234 Md. 627, 199 A. 2d 228, or that he at any time made any confession or admission of guilt; *but the facts may be otherwise*.)

(2) That he was interrogated by arresting officers without having been allowed to contact counsel or his wife. (Here again, it is not shown that the interrogation bore fruit.)

(3) That the verdict was against the evidence, and the child witnesses, the only ones to identify him, were *improperly coached and influenced by the police officers.*

(4) That he was inadequately represented by counsel, who failed to cross-examine the State's witnesses or to produce evidence in his favor as requested.

(5) That the magistrate did not have jurisdiction to try him." (Emphasis supplied.)

Other contentions made by the applicant were held to be without merit.

It was then stated in the opinion:

"Judge Shook apparently took the view that the commitment, and recommitment, to Patuxent precluded attack upon the convictions and sentences he is not now serving. But sec. 645A(b) provides that a petition for post conviction relief 'may be filed at any time,' and we have held that it may be filed although the petitioner is not then detained under the sentence attacked. *Roberts v. Warden* 221 Md. 576, 580. Judge Shook's statement that the petitioner has 'raised no valid grounds in his petition under the Post Conviction Procedure Act' is not correct. Of course, he cannot have a retrial on an issue of guilt or innocence, but he may raise questions concerning the jurisdiction of the trial court, or alleged infractions of constitu-

tional rights that may render the trial a nullity. These matters were not passed on by the court below.

Accordingly we shall grant leave to appeal and remand the case for consideration by the court below of the five questions listed above."

After the mandate of this Court was received in the lower court, the applicant, on June 12, 1964, asked leave of court to file a supplementary brief and this request was granted by Judge Shook on June 23, 1964. The applicant then submitted his supplementary brief consisting of forty-eight hand-written pages and on August 20, 1964, Judge Shook wrote the applicant as follows:

"In reply to your letter of recent date, this is to advise you that your brief was received in this office on July 17, 1964. This matter will be set down for hearing sometime after the middle of September.

In the meantime I desire to know if you wish this Court to appoint an attorney to represent you in this matter."

Then on August 27, 1964, Judge Shook wrote to the applicant and stated:

"You will recall that on the 20th of this month I sent you a letter indicating that this matter would be set down for a hearing sometime in September. Since writing you this letter I have studied your brief and original petition and concluded as a result thereof that your application for relief under the Post Conviction Procedure Act must be denied. Therefore, no hearing will be held for the reasons given in the enclosed Opinion and Order."

From the order of August 27, 1964 denying relief, without a hearing or the appointment of counsel, the applicant again seeks leave to appeal to this Court.

Since the second application for leave to appeal, the Attorney General of Maryland advises us of the following facts, which are relevant on the question of whether or not the application for leave to appeal is moot:

In the early part of January 1965, Judge Berry of the Circuit Court for Baltimore County granted the applicant's petition for a writ of habeas corpus from the Patuxent Institution. As Judge Berry has filed no opinion in the habeas corpus matter and has not forwarded a copy of any opinion to the Administrative Office of the Courts as required by Maryland Rule Z53, we are not advised of the grounds of his decision. Judge Berry's order in the habeas corpus matter is not reviewable by this Court except in the rather unlikely event he declared a public law of the State to be unconstitutional. See Maryland Rule Z56.

At the time of Judge Berry's order in the habeas corpus case, the detainer against the applicant was activated and the applicant is now in the custody of the Warden of the House of Correction where he is beginning the service of the two three-year terms imposed upon him in 1962.

We are of the opinion that these facts do not render the present application moot. It is well settled that release of an applicant from custody may render the application moot. *Spencer v. Warden,* 223 Md. 678, 164 A. 2d 522 (1960). *Noble v. Warden,* 221 Md. 581, 155 A. 2d 664 (1959). Here, however, the applicant is, at the present time, in custody and is serving the very sentences which the applicant contends, in this application, were invalid. It seems apparent that this application is far from moot. As we held in the original appeal in this matter, *Simon v. Director, supra,* the applicant had standing to contest the validity of the judgments imposing the two three-year sentences even though he had not, at that time, begun to serve the sentences, his right to challenge their validity now that he has begun to serve the sentences seems clear.

We will grant the suggestion of the Attorney General that the Clerk of this Court and of the Circuit Court for Montgomery County merely change the title of the case from *Simon v. Director of the Patuxent Institution* to *Simon v. Warden of the Maryland House of Correction.*

We now come to the principal question on this second application, namely, was Judge Shook's action in passing the order denying the application without a hearing and the appointment of counsel, clearly erroneous. We are of the opinion that

it was. The applicant's petition for relief under the Uniform Post Conviction Procedure Act was an *original* petition, under this Act. The petitioner so refers to the petition and neither the State's Attorney nor the Attorney General contended otherwise. There is no record of a prior proceeding in the Administrative Office of the Courts. The Maryland Reports disclose no prior appeals to this Court. As an *original* petition, the provisions of Maryland Rule BK48 relating to *subsequent* petitions do not apply to it. By Maryland Rule BK48 the Court, after a response to a *subsequent* petition by the State, may dismiss that petition without a hearing and the appointment of counsel unless it finds grounds for relief which could not reasonably have been raised in a previous petition under the Act. Maryland Rule BK48 closely follows Code (1964 Cum. Supp.), Art. 27, Sec. 645H.

When considering the *original* petition Maryland Rules BK42 and BK44 apply. The requirements of these Rules are mandatory, not directory. Rule BK42 provides that if the petition alleges that the petitioner is unable to pay for the costs of the proceeding or to employ counsel, and the Court finds these allegations to be true, the court "*shall* order that the petitioner proceed as an indigent and appoint counsel for him" (emphasis supplied). Rule 44a provides that "a hearing on the petition *shall be held* in the court in which the petition is properly filed." (Emphasis supplied.) *O'Connor v. Director,* 237 Md. 642; 206 A. 2d 707.

The effect of Rules BK42 and BK48, read together, is stated by John D. Alexander, Jr. in the article entitled "The Maryland Version of the Uniform Post Conviction Procedure Act, with Special Reference to the Writ of Habeas Corpus" appearing in 1959 in 19 Md. L. Rev. 233, at pages 239-240:

> "* * * counsel must be appointed only for petitioner's first petition. If on second or later petitions the court finds that all grounds for relief have previously been asserted or waived, no counsel need be appointed. This distinction is sound; in the ordinary case under the Act an indigent petitioner gets one paid in full proceeding, if necessary, all the way to the Court of Appeals, but no more."

We have held that the trial court in considering a post-conviction original petition must appoint counsel when satisfied that the petitioner is an indigent. *Byrd v. Warden,* 219 Md. 681, 147 A. 2d 701 (1959, which also arose in the Circuit Court for Montgomery County). We followed *Byrd v. Warden* in *Hobbs v. Warden,* 219 Md. 684, 148 A. 2d 380 (1959) in which Judge Horney, speaking for this Court stated:

> "Since under the Act it is contemplated that the proceeding—except under circumstances not present here —may be invoked only once, it is important that the applicant shall have an opportunity through counsel to present any ground of alleged error not previously and finally litigated in the proceeding which resulted in, or any other proceeding which the applicant has taken to secure relief from, his conviction."

We reaffirmed and followed both *Byrd* and *Hobbs* in *Henry v. Warden,* 221 Md. 606, 156 A. 2d 669 (1959).

The applicant in this case did ask leave to file a supplementary brief to his original petition. This was properly granted by Judge Shook. See Maryland Rule BK41d. In her letter of June 23, 1964, Judge Shook properly advised the applicant that she was setting his petition down for hearing and inquired if the applicant wished her to appoint an attorney to represent him in this matter. After receiving the supplementary "brief" of 48 hand-written pages, she decided not to appoint counsel or to hold a hearing, delivered an opinion and passed an order denying the original petition. We think in so doing, she was clearly in error for the reasons and upon the authorities stated above.

We might add that the very prolixity of the original petition and supplementary brief of the applicant in which facts, conclusions of law and argument are interwoven to such an extent that it is difficult to ascertain with precision the legal points being made indicates the importance on the original petition to have counsel appointed so that the Court will have the benefit of his analysis of the applicant's legal position. Then too, on pages 12, 13 and 44 of the supplementary brief, filed July 17, 1964, the applicant seems to state facts and arguments which

arguably may come within recent decisions in regard to due process of law. With the appointment of counsel, these contentions may be more carefully and clearly presented to the trial court, thus assisting the trial court in making appropriate findings of fact and conclusions of law.

> *Leave to appeal granted and the case remanded for further proceedings in accordance with this opinion.*