## SAMMY GEE *v.* STATE OF MARYLAND

[No. 123, Initial Term, 1967.]

62

*Decided September 26, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PRETTYMAN, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Milton B. Allen* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Charles*

*E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Criminal Court of Baltimore sitting without a jury, convicting appellant of being a rogue and vagabond. A sentence of seventeen and one-half months in the Maryland House of Correction was imposed. Appellant was sent to Patuxent Institution for evaluation pending further orders of the court.

In a memorandum opinion on motion to dimiss the indictment by reason of double jeopardy, Judge William J. O'Donnell, trial judge, gave an excellent history of the case as follows:

> Sammy Gee was charged on September 14th, 1956, by the Grand Jury in an indictment (No. 3436/1956) containing five (5) counts—storehouse breaking with intent *feloniously* to steal therefrom, storehouse breaking with intent to *unlawfully* steal therefrom, rogue and vagabond, petit larceny, and receiving stolen goods.
>
> The indictment charged that the storehouse broken into and the property allegedly stolen on September 2, 1956 was the "property of Meredith Bonner." The property charged as having been stolen and received was "one lady's umbrella, of the value of $6.75."
>
> Upon his arraignment on September 18th, 1956, he pleaded "Guilty" (generally). The transcript of the arraignment proceedings disclosed that he was then 17 years of age and although he made no request for the appointment of counsel, no inquiry was made as to his indigency, he was not apprised of his right to counsel, nor was it shown that he waived the assistance of counsel.
>
> His case was held *"sub curia,"* apparently in order to permit the Court to obtain a psychiatric examination of him (there is a report by Dr. Joseph D. Lichtenberg filed on October 9th, 1956). On October 9,

1956 he was sentenced to a term of not more than three (3) years in the Maryland State Reformatory for Males, running from September 3rd, 1956, and he was ordered committed to Patuxent Institution for a determination as to whether or not he might be classified "as a defective delinquent."

On March 18, 1957, (after he had served six (6) months of the sentence imposed upon him), he was, after a trial in the Criminal Court of Baltimore, found to be a "defective delinquent," the balance of his sentence was suspended, and he was committed to Patuxent Institution.

On December 18th, 1958, after a second hearing, he was found to still be a "defective delinquent." On May 18th, 1961, he filed a Petition for reconsideration of that finding, but the Petition was dismissed without prejudice.

On November 21st, 1962, he had a third re-determination hearing in the Circuit Court for Baltimore County (the case apparently having been removed there on his suggestion) and he was re-committed to Patuxent Institution. Leave to Appeal to the Court of Appeals from that decision was denied by the Court of Appeals on March 8th, 1963. *Gee v. Director of Patuxent Institution,* (1963), 231 Md. 610, 188 A. 2d 565.

A Petition for the Issuance of a Writ of Habeas Corpus was denied, without prejudice, by the U. S. District Court for the District of Maryland on December 31st, 1962.

On February 20th, 1963, he filed a Petition in the Criminal Court of Baltimore under the Post-Conviction Procedure Act, and following a hearing on September 20th, 1963, the Petition was dismissed and he was denied the relief prayed. He filed an application with the Court of Appeals on September 24th, 1963, for Leave to Appeal the Dismissal of his Post-Conviction Petition and Leave was granted on February 10th, 1965.

The Court of Appeals on July 30th, 1965, vacated his conviction in the Criminal Court of Baltimore on October 9th, 1956, *granted him a new trial* and ordered his release from the custody of the Director of Patuxent Institution.

The Court, in *Gee v. State,* (1965), 239 Md. 604, said at pages 606-7:

"The State concedes that at his criminal trial in 1956, the Appellant was neither advised of his right to counsel nor provided with counsel. Under *Gideon v. Wainwright,* 372 U. S. 335 (1963), there is a constitutional requirement imposed upon the State of representation of a defendant by counsel in a case where the defendant has been charged with burglary. *Manning v. State,* 237 Md. 349, 206 A. 2d 563 (1965). *Manning* also held that *Gideon* applies retroactively and that a conviction prior to *Gideon* in which the Defendant was not provided with counsel must be vacated. See also *Linkletter v. Walker,* 381 U. S. 618, 14 L. Ed. 2d 601, 614 (1965). *Infractions of constitutional rights that may render a criminal conviction a nullity are grounds for relief under the Post Conviction Procedure Act. Simon v. Director,* 235 Md. 626, 201 A. 2d 371 (1964). See *Laird v. Director,* 237 Md. 178, 205 A. 2d 238 (1964)." (Italics supplied)

The Court said further at pages 608-9:

"Because the Appellant's criminal conviction was in violation of his constitutional rights and because that conviction was an essential element of the legality of his commitment as a defective delinquent, we hold that his present detention is in violation of law, and that he is entitled to be released." (from Patuxent Institution)

On September 17th, 1965, upon his re-arraignment, the Court undertook to appoint George L. Russell, Esquire (who had represented Gee in the Appeal of his Post-Conviction case in the Court of Appeals).

When his case was called for trial on October 15th,

1965, it was postponed by his counsel. On October 20th, 1965, counsel filed two Motions to Dismiss the 1956 indictment—a Motion based upon the contention that the defendant would be placed in double jeopardy, and a Motion based upon the decisions of the Court of Appeals in *Schowgurow v. State,* (1965), 240 Md. 121, 213 A. 2d 475; *State v. Madison,* (1965), 240 Md. 265, 213 A. 2d 880; *Smith v. State,* (1965), 240 Md. 464, and *Hays and Wainwright v. State,* (1965), 240 Md. 482.

Apparently in anticipation of the Court's formal ruling on that Motion to Dismiss, the defendant was represented and indicted (Indictment No. 6315) by the Grand Jury on December 15th, 1965.

Judge Sodaro, on December 17th, 1965, granted the Motion to Dismiss the indictment under the *Schowgurow* and other decisions concerning the selection of the Grand Jury.

The new indictment charged the same five (5) counts as those charged in the 1956 Indictment plus a count charging a violation of Article 27, Section 33 as well on September 2, 1956.

Upon his arraignment on the new indictment (No. 6315/1965) on December 21st, 1965, his court-appointed counsel again filed a Motion to Dismiss this indictment on the ground that the defendant was being placed in double jeopardy.

The Court reserved ruling on the Motion to Dismiss based on double jeopardy and received the evidence presented on behalf of the State. Upon the conclusion of the presentation of the State's evidence, the Court granted the defendant's Motion for Judgment of Acquittal on the First, Second and Third Counts of the Indictment because the premises which were broken into were those leased by the Fitch Dustdown Company, a body corporate, and were not the premises of T. Meredith Bonner, Jr.—Mr. Bonner was an officer-employee of the Corporation. The court further granted the defendant's Motion for Judgment of Acquittal on

the Fifth and Sixth Counts of the Indictment—petit larceny and receiving stolen goods (of the value of less than $100.00) because the prosecution—under the new presentment by the Grand Jury was barred by limitations. The Court denied the defendant's Motion for Judgment of Acquittal on the Fourth Count of the Indictment—rogue and vagabond (a penitentiary misdemeanor), subject to the defendant's Motion to Dismiss on the ground of "double jeopardy" and reserved ruling thereon.

Although Gee was in confinement at Patuxent Institution from March 18th, 1957 until the date of the Mandate of the Court of Appeals following its decision on July 30th, 1965, in *Gee v. State, supra,* such commitment has been civil in nature as a result of him having been found to be a "defective delinquent" within the definition of Article 31B, Sections 5 and 6, and his confinement at Patuxent Institution cannot be considered, during that interval, a penal punishment for the offense to which he pleaded guilty on October 9th, 1956.

The Fourth Count of Indictment No. 6315/1965, charging him with being a "rogue and vagabond" in violation of Article 27, Section 490 is the same offense as that charged in the Third Count of Indictment No. 3436/1956, which was set aside on his Motion filed under the *Schowgurow* decisions.

In imposing the sentence, the court said:

The sentence is from today. Seventeen and one-half months from today, and he will be referred to Patuxent Institution. I am really figuring the credit for six months and two weeks that he served under Judge Cullen's sentence before he was classified as a defective delinquent.

The appellant presents three questions:

"1. Did the court err, advertently or inadvertently, by retaining prior knowledge of appellant's history; and, by so doing, deny him a *de novo* trial?

"2. Did the court err by abridging appellant's privileges and immunities as a citizen of the United States by (a) Violating his implied constitutional rights to "Fundamental Fairness" at his trial and by (b) Punishing him *again* for the same offense?

"3. Did the court err in finding appellant guilty as a rogue and vagabond after acquitting him of burglary on the same facts, and, by so doing, violate the doctrine of merger?"

I

The appellant contends that the trial court erred "by retaining prior knowledge of the appellant's history." The appellant seems to object to certain remarks made prior to the sentencing. The appellant relies on *Moulden v. State,* 217 Md. 351, 142 A. 2d 595 and *Hobbs v. State,* 231 Md. 533, 191 A. 2d 238. These cases state that the trial court in a trial *de novo* "considers * * * matters of verdict, judgment, and sentence as if there had been no prior trial," *Hobbs, supra* at page 539. The State, in its brief, points out that appellant received a transcript of the prior trial, and that he was given a fair and full trial based upon the facts of the crime.

It is settled that "imposition of sentence in a criminal case in this State is a matter peculiarly within the province of the trial judge who hears the case and sees the witnesses and the accused," *Reid v. State,* 200 Md. 89, 89 A. 2d 227, *cert. denied,* 73 S. Ct. 63, 344 U. S. 848, 97 L. Ed. 659. *Reynolds v. Warden,* 229 Md. 623, 182 A. 2d 875 (1962). Since imposition of sentence is within the discretion of the trial court, it would necessarily follow that the judge may inquire into any information pertaining to the defendant in order to give a fair sentence. Furthermore, a sentence will be reviewed only if it was "dictated not by a sense of public duty, but by passion, prejudice, ill-will or any other unworthy motive," *James v. State,* 242 Md. 424, 219 A. 2d 17. This was not evident in this case.

The State also points out that the appellant raises the question of double jeopardy and then states that the trial judge should have no prior knowledge whatsoever of the appellant's case. The argument is patently frivolous.

## II

The appellant has framed the second issue in terms of a privileges and immunities violation. The appellant cites no authority, and we know of none that would make this clause of the Fourteenth Amendment applicable.

The appellant contends in the latter half of the second issue that he was placed in double jeopardy. The Court of Appeals of Maryland in *Gilpin v. State,* 142 Md. 464, 466, 121 A. 354 (1927) gave the following as a definition of double jeopardy:

> "That no person shall, for the same offense, be twice put in jeopardy, is both a provision of the Constitution of the United States, and an established rule of the common law, and a plea of former jeopardy is good under either. The rule forbids a second trial for the *same offense* whether the accused at the former trial was acquitted or convicted."

The Court of Appeals of Maryland has continuously reiterated its position on double jeopardy, see *Robb v. State,* 190 Md. 641, 60 A. 2d 211 (1948), *Moquin v. State,* 216 Md. 524, 140 A. 2d 914 (1958), *Bennett v. State,* 229 Md. 208, 182 A. 2d 815 (1962), *Ruckle v. State,* 230 Md. 580, 187 A. 2d 836 (1963), and *Wampler v. Warden,* 231 Md. 639, 191 A. 2d 594 (1963) where it said at page 645:

> "The applicant urges that [double jeopardy] is a constitutional doctrine. Under the law of this State, it is not, though the rule against double jeopardy exists here as a matter of common law. *Robb v. State,* 190 Md. 641, 60 A. 2d 211; *Johnson v. State,* 191 Md. 447, 62 A. 2d 249. The provision of the Fifth Amendment to the Federal Constitution against double jeopardy has not up to this time been held applicable against the states under the Fourteenth Amendment. *Palko v. Connecticut,* 302 U. S. 319, 58 S. Ct. 149, 82 L. Ed. 288." Also see *Nixon v. Director,* 1 Md. App. 14, 226 A. 2d 352 (1967).

In *United States v. Tateo,* 377 U. S. 463, 84 S. Ct. 1587, 12 L. Ed. 2d 448 (1964) the Supreme Court said that a retrial

of a defendant whose conviction had been set aside because of a collateral attack was not placed in double jeopardy. The *Tateo* case, *supra,* relied on *United States v. Ball,* 163 U. S. 662, 16 S. Ct. 1192, 41 L. Ed. 300 (1896). The Supreme Court of the United States in the *Ball* case, *supra,* stated at page 672 : "The court therefore rightfully overruled their plea of former jeopardy; and cannot have prejudiced them by afterwards permitting them to put into evidence the former conviction, and instructing the jury that the plea was bad." In the *Ball* case, *supra,* the indictment was declared void—this was not the case in *Tateo, supra.*

Furthermore, on the topic of waiver, Judge William J. O'-Donnell said that :

> "A defendant waives his constitutional protection against double jeopardy when a verdict or judgment against him is set aside at his own instance, either on a motion in a lower court or in a successful appeal. *Green v. United States,* 355 U. S. 184, 2 L. Ed. 2d 199, 78 S. Ct. 221, 61 ALR 2d 1119; *Bryan v. United States,* 338 U. S. 552, 94 L. Ed. 335, 70 S. Ct. 317; *Louisiana ex rel. Francis v. Resweber,* 329 U. S. 459, 91 L. Ed. 422, 67 S. Ct. 374 * * *."

This court in *Sadler v. State,* 1 Md. App. 383, 230 A. 2d 372 (1967) held that at page 387 :

> "As was said by the Court of Appeals of Maryland in *Tate v. State,* 236 Md. 312, 316 (1964) :
> 'It has been held repeatedly in this State, that when a traverser has been tried on indictment or information that is invalid, he is not in jeopardy and he may be indicted and tried again. *State ex rel. Shatzer v. Warden,* 192 Md. 728, 64 A. 2d 711; *Kenny v. State,* 121 Md. 120, 87 Atl. 1109; *Stearns v. State,* 81 Md. 341, 32 Atl. 282.'
> "The Appellants, by their election to have the indictments involved in their first trial declared invalid under *Schowgurow* * * * and *State v. Madison,* 240 Md. 265, bring their cases clearly within the rule set forth in the above case."

The appellant contends that he has been placed in double jeopardy although his first conviction was reversed under *Gideon v. Wainwright*, 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799 (1963). Recent cases construing *Gideon, supra,* have held that where the conviction and sentence were invalidated because the defendant was denied his constitutional right to the assistance of counsel at a state court trial, the appellant would be subject to a retrial in that state court. See *Yaegar v. Director,* 319 F. 2d 771, (4th Cir. 1963) and *United States, ex rel. Craig v. Myers,* 329 F. 2d 856 (3rd Cir. 1964).

Therefore, if the indictment is declared void and there is a retrial there is no double jeopardy, see *Ball, supra, Sadler, supra.* If the conviction has been reversed or set aside by collateral attack there is no double jeopardy if there is a retrial, see *Tateo, supra.*[1]

## III

At the trial, the court granted the defendant's motion for judgment of acquittal on the first, second, third, fifth and sixth counts of the indictment. The first count was store breaking, one hundred dollars or more, Maryland Code (Repl. Vol. 1967) Art. 27, § 32. The second count was store breaking, less than one hundred dollars, Art. 27, § 342. The third count was breaking and stealing, one hundred dollars, Art. 27, § 33. The fifth count was petty larceny, Art. 27, §§ 340 and 341, and count six was receiving stolen goods, Art. 27, §§ 466 and 467. The appellant was convicted under the fourth count,—rogue and vagabond, Art. 27, § 490.

The appellant contends that the counts of store breaking and rogue and vagabond merged, and that the acquittal of the store breaking charge precluded a conviction under the rogue and vagabond charge. He relies on *Chittum v. State,* 1 Md. App. 205, 228 A. 2d 628. His reliance is misplaced because that case involved two convictions instead of one acquittal and one conviction. Where there is one trial on multiple charges the doctrine

---

1. The appellant relies upon *United States v. Wilkins,* 348 F. 2d 844 (2nd Cir. 1965) *certiorari denied* under name of *Mancusi v. Hetenyi,* 383 U. S. 913, 86 S. Ct. 896, 15 L. Ed. 2d 667. The principles enunciated in *Wilkins, supra,* do not apply here as in that case there was an acquittal at the first trial instead of a conviction.

72

of merger has no application to that trial, except to preclude multiple convictions on merged offenses, *Holtz v. State,* 1 Md. App. 358, 230 A. 2d 117.

*Judgment affirmed.*