## JAMES ROBERT JENKINS *v.* STATE OF MARYLAND

[No. 116, September Term, 1967.]

244

*Decided February 27, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Fred Warren Bennett* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A.*

*Marshall, Jr., State's Attorney for Prince George's County,* and *James E. Kenkel, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

On June 29, 1962 an indictment was returned against the appellant charging him with "assault with intent to kill and murder" and assault and battery. On December 10, 1962 he was tried in the Circuit Court for Prince George's County, by the court sitting without a jury. The court rendered its verdict as follows:

> "* * * the defendant is guilty of assault with intent to kill, being the first count of the indictment. We would think since the assault and battery is part of the element of assault with intent to kill that the second count should show not guilty as to the second count."

The appellant was sentenced to imprisonment for a term of five years and, thereafter, by duly conducted proceedings, committed to Patuxent Institution. On December 22, 1966, on hearing under the Uniform Post Conviction Procedure Act, the court granted the appellant a new trial.

On February 27, 1967, upon presentment for assault for intent to murder, the appellant was charged, under an indictment containing three counts, with assault with intent to murder, assault with intent to prevent lawful apprehension, and assault and battery. A pre-trial motion to dismiss the indictment on the "ground of double jeopardy" was denied after hearing on April 6, 1967. On May 9, 1967, the appellant was tried in the Circuit Court for Prince George's County and was found guilty by a jury on the first count charging assault with intent to murder. The charge under the second count, assault with intent to prevent lawful apprehension, was abandoned by the State at the time of trial and the silence of the jury on the third count, charging assault and battery, was the equivalent of a verdict of not guilty. *Jackson v. State,* 231 Md. 591; *Glickman v. State,* 190 Md. 516; See Note 1, *Agresti v. State,* 2 Md. App. 278, 280. A motion in arrest of judgment and to dismiss the indict-

ment on the grounds of "double jeopardy, *res judicata* and collateral estoppel" was filed on May 11, 1967. Upon hearing on May 26, 1967, the motion was denied by a majority of a four judge panel, Chief Judge J. Dudley Digges, dissenting. The appellant was sentenced to imprisonment for a term of five years from December 10, 1962, and ordered to be confined to Patuxent Institution to determine whether he was a defective delinquent.

On appeal the appellant claims error in the denial of the motion to dismiss the indictment made prior to trial and in the denial of the motion in arrest of judgment and to dismiss the indictment made after the verdict. He contends that the second prosecution was barred by the prohibition against double jeopardy and by the doctrine of *res judicata* or collateral estoppel.

## DOUBLE JEOPARDY

The provision in the Fifth Amendment to the Constitution of the United States, that no person shall "* * * be subject for the same offense to be twice put in jeopardy of life or limb * * *", is not applicable to state court prosecutions under the due process clause of the Fourteenth Amendment. *Gee v. State,* 2 Md. App. 61. In Maryland protection against double jeopardy is available by way of the common law. *Smith v. State,* 1 Md. App. 297. The common law meaning of double jeopardy was stated in *Hoffman v. State,* 20 Md. 425, 434:

> "At common law it meant nothing more than that where there had been a final verdict either of acquittal or conviction, on an adequate indictment, the defendant could not be a second time placed in jeopardy for the particular offense."

In *Boone v. State,* 3 Md. App. 11, we found this meaning to be controlling in this State.

### The Verdict of Guilty of Assault with Intent to Kill at the First Trial

The verdict of guilty of "assault with intent to kill" was an improper verdict. In Maryland there is no specific common law or statutory crime of "assault with intent to kill" and the crime of assault with intent to murder is not one and the same

offense. As the appellant was found guilty of a crime which was not known to the law of this State, the verdict and sentence were null and void. *Marks v. State,* 230 Md. 108. Thus, applying the rule controlling in Maryland, since there was no final verdict rendered on the offense of assault with intent to murder at the first trial, the appellant was not thereby jeoparded on that offense and was not twice put in jeopardy thereon at his second trial. We cannot agree with the appellant's contention that the verdict of "guilty of assault with intent to kill * * * impliedly acquitted the appellant of the greater offense of assault with intent to murder". Not only was there no proper verdict, it being null and void, but "assault with intent to kill" cannot be a lesser crime included in the greater crime of assault with intent to murder, as he urges, since "assault with intent to kill" is no crime at all in this State. That it may be a crime in other jurisdictions is in no way material.

### The Acquittal of Assault and Battery at the First Trial

(1) *With Respect to the Charge of Assault and Battery at the Second Trial*

In *Boone v. State, supra,* we stated that it has been established that an accused cannot be again tried for an offense after he has been acquitted of the offense. We quoted *State v. Shields,* 49 Md. 301, 303 (quoted in *State v. Adams,* 196 Md. 341, 348) :

> "It has always been a settled rule of the common law that after an acquittal of a party upon a regular trial on an indictment for either a felony or a misdemeanor, the verdict of acquittal can never afterward, on the application of the prosecutor, in any form of proceeding, be set aside and a new trial granted, and it matters not whether such verdict be the result of a misdirection of the judge on a question of law, or of a misconception of fact on the part of the jury." [1]

1. Since in Maryland the double jeopardy rule is a part of the common law, it may be changed by statute. But see Chapter 729, Acts of 1967 (Md. Code [1957], Art. 5, § 30) by which the Legislature took away the right of the State, previously granted, to appeal in a criminal cause from a judgment of a justice of the peace or trial magistrate of a county. Compare Md. Code (1964 Repl. Vol.), Art. 52, § 13 b.

See also *Barger v. State,* 235 Md. 556 and cases cited therein. We think that it was error for the court to allow the appellant to go on trial the second time for the offense of assault and battery in view of his acquittal on that charge at the first trial, but since the verdict of the jury at the second trial was the equivalent of not guilty of that offense, we find that the appellant was not prejudiced thereby and will not reverse the judgment for that reason.[2]

(2) *With Respect to the Conviction of Assault with Intent to Murder at the Second Trial*

. When a lesser offense is a necessary part of the larger, a conviction or acquittal of the lesser crime bars a prosecution for the greater. *Johnson, etc. v. State,* 238 Md. 528, 541. Although assault is an essential ingredient of assault with intent to murder, it does not necessarily follow that in a given case there cannot be an assault and battery separate and distinct from the element of assault necessary to the proof of the greater crime. On facts so showing there would not be a merger and a conviction on both charges would be proper. In *Tender, etc. v. State,* 2 Md. App. 692, we discussed the doctrine of merger of offenses and stated that the modern concept is whether one crime necessarily involves the other. So a lesser offense, necessarily involved in a greater offense, is merged into the greater offense. The application of the rule is not in the abstract but by the evidence in each case; each case must be considered on its facts and the rule applied with relation to them. In *Tender* we found that an assault did not merge into robbery with a deadly weapon, robbery, or assault with intent to rob as there was evidence sufficient for the trial court to find that there was an assault separate and distinct from the greater offenses. In *Cottrell v. State,* 1 Md. App. 520, we found that assault and battery did not merge into robbery with a deadly weapon where evidence showed that the victim was physically beaten by the

---

2. We do not reach the question concerning the effect of an acquittal of assault and battery where there is a valid merger into a charge of assault with intent to murder and the latter conviction is set aside.

perpetrator, the beating not being a direct incident of the robbery.

On the evidence in the instant case we think that the assault and battery was not a necessary part of the assault with intent to murder. In the first trial of the appellant, in which the court rendered a verdict of not guilty on the charge of assault and battery, there was evidence sufficient to show that there was an assault and battery separate and distinct from the assault with intent to murder (charged as assault with intent to kill and murder). There was testimony of a police officer that he answered "a call of disorderly" at 5307 U Street, Bradbury Heights and that after talking to the complainant, the officer, about to leave, was standing by the stairway that leads to the basement when the appellant said, "Shoot me, you rotten son of a B," and attacked the officer. They were fighting at the top of the stairs and fell down the stairs to the basement. The appellant had committed an assault and battery on the officer at this point. The battle continued. The appellant grabbed the officer's revolver from its holster and pointing it at the officer said, "I'll kill you, you S. B." By these actions the appellant committed an assault with intent to murder. The officer was able to knock the gun from the grasp of the appellant and ultimately subdued him. We note also that battery is not a necessary ingredient of assault with intent to murder. The assault and battery count charged that the appellant made an assault on the officer and "* * * did beat, bruise, wound and ill-treat to the great damage * * *" of him. None of these allegations with regard to the battery need be shown to prove assault with intent to murder. So the assault and battery was a separate and distinct offense from the greater offense and the proof of the assault and battery was incidental to and not a necessary ingredient of the greater offense. Since the lesser offense of assault and battery was not a necessary part of the larger offense of assault with intent to murder, the acquittal of the lesser crime did not bar a prosecution for the greater. At the first trial, the lower court said, upon finding the appellant guilty under the first count of "assault with intent to kill", "We would think since the assault and battery is part of the element of assault with intent to kill that the second count should show not guilty as to the second

count". Reasons for the rendering of a verdict are not admissible, whether the verdict be by a jury or a judge, *State v. Coblentz,* 169 Md. 159, but resort may be had to what a judge said in order to interpret what he did, *Johnson, etc. v. State, supra,* p. 544, note 3. It is clear, of course, that the lower court found the appellant not guilty of assault and battery, but upon the incorrect assumption that assault and battery are necessarily essential elements of "assault with intent to kill" (or murder).

## RES JUDICATA

The appellant contends that the doctrine of *res judicata* or collateral estoppel barred the State from trying him again. Assuming that these doctrines are applicable, our holding that the retrial on the offense of assault and battery did not so prejudice the appellant as to compel the reversal of the judgment prevails. The basis of this contention with respect to the retrial on the offense of assault with intent to murder is that "the crime of assault and battery is a necessary part of the larger offense of assault with intent to murder." We have found on the evidence in the instant case that it was not. There being no sound basis for the contention, it fails. We find no error in the motion to dismiss the indictment made prior to trial or in the motion in arrest of judgment and to dismiss the indictment made after verdict.

*Judgment affirmed.*