ERNEST GIBSON *v.* STATE OF
MARYLAND

[No. 31, September Term, 1969.]

*Decided October 3, 1969.*

2

[redacted]

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*M. Michael Maslan* for appellant.

*Robert A. DiCicco, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *John J. Lucas, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MURPHY, C.J., delivered the opinion of the Court.

Appellant was convicted by the Court sitting without a jury of grand larceny of a motor vehicle and sentenced to five years under the jurisdiction of the Department of Correction. He contends on this appeal that the evidence was legally insufficient to support the conviction. We agree.

The State's evidence showed that on the night of November 7, 1968 appellant was surrendered by his bail bondsman to the custody of the Cockeysville Magistrate's Court in Baltimore County; that he promptly fled therefrom, unnoticed, through an open window; that he then located a parked vehicle, which could be started without keys, and drove off in it without the owner's permission. Appellant was returned to police custody the following day, at which time he gave a statement admitting that "the evening I escaped from jail, I wanted to get back to my wife as soon as possible," so he took the car in ques-

tion and "proceeded White House Rd., on Rt. 1 where I left the car and hitchhiked to my home;" and that "When I got home my wife, father, brother and mother-in-law and I talked about what I had done, and I decided to turn myself back in, and try and straighten it all out."

The police recovered the vehicle on November 8 and towed it to a service station "above" Forest Hill, which is in Harford County, immediately adjacent to Baltimore County. While the record indicates that appellant resided in Harford County, just where he abandoned the vehicle in relation to his home cannot be ascertained from the evidence. Appellant states in his brief that he actually surrendered himself to police November 8, and notified them of the car's location—a statement which the State seemingly acknowledges in its brief as being correct. On the other hand, the record contains testimony of a police officer that appellant was "apprehended" in Harford County on a warrant charging escape on November 8.

The appellant testifying in his own behalf denied taking the car at all and claimed he hitchhiked home.

At the conclusion of all the evidence, the court found appellant guilty of larceny of the vehicle, this being the first count of a five-count indictment which also charged unauthorized use of a motor vehicle. The prosecutor then stated that he would "stet" the remaining counts of the indictment and the court rendered no verdict on these counts.

Proof of the offense of larceny requires a proper evidentiary showing that the accused intended to steal the property, *viz.*, that he intended to *permanently* deprive the owner of his property. *Fletcher v. State*, 231 Md. 190; *Halcomb v. State*, 6 Md. App. 32. If a thing is taken to be used only temporarily, there may be an absence of an intention to deprive the owner of his ownership of the property. *Putinski v. State*, 223 Md. 1. Thus, the distinction between the larceny of a motor vehicle and the larceny of its use (commonly referred to as the unauthorized use of a motor vehicle) is that in the larceny

4

there must be an intent to deprive the owner permanently of his property while in larceny of the use the intent is to deprive the owner temporarily. *Sizemore v. State,* 5 Md. App. 507. Of course, the intent of the taker at the time he took the property is a question of fact to be determined from the evidence and proper inferences therefrom. The mere fact that a car was abandoned shortly after it was taken does not preclude the possibility that the taker had a larcenous intent. *Halcomb v. State, supra; Sizemore v. State, supra; Anderson v. State,* 3 Md. App. 85.

The only evidence that appellant took the car is furnished by his own statement which, on its face, indicates that he took the vehicle for the purpose of returning to his home. While he drove the vehicle only part of the way to his home, we think the circumstances under which the car was taken, considered in light of appellant's subsequent actions, were plainly such that the trial judge, in finding that appellant intended permanently to deprive the owner of his car, was clearly erroneous.

We think it obvious that the evidence would have supported a conviction for larceny of the vehicle's use. But the trial judge rendered no verdict as to his guilt under that count. Ordinarily, where the court sitting without a jury renders no verdict with respect to counts of an indictment, such inaction operates as and is equivalent to an acquittal. *Jackson v. State,* 231 Md. 591; *Jenkins v. State,* 3 Md. App. 243. The fact that the State's Attorney told the court that he would "stet" the other counts of the indictment does not alter this result. The attempted entry of a "stet" at the end of the trial, after the accused has been placed in jeopardy and all the evidence has been introduced, manifestly comes too late.

*Judgment reversed.*