# GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff
## v.
## DEVON SCATLIFFE, Defendant

Criminal No. 83/141

District Court of the Virgin Islands

Div. of St. Croix

February 29, 1984

FREDERICK D. JONES, ESQ., Special Assistant U.S. Attorney, Christiansted, St. Croix, V.I., *for plaintiff*

MICHAEL A. JOSEPH, ESQ., Federal Public Defender, Christiansted, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendant's Motion to Dismiss the Information on Double Jeopardy grounds. Defendant has already tried unsuccessfully to convince this Court to vacate its January 20, 1984, Order scheduling retrial for March 12, 1984, in the Division of St. Thomas and St. John, of the District Court of the Virgin Islands. This time, defendant has cloaked his arguments in constitutional terms claiming that the risk of an erroneous verdict is

enhanced by a transfer to a different division, thereby violating his Fifth Amendment protection against double jeopardy. For the reasons set forth herein, defendant's motion will be denied.

## I. FACTS

Defendant Devon Scatliffe was arrested on November 14, 1983, and charged with assault, burglary, grand larceny, and possession of a dangerous weapon during a crime of violence. Unable to post bail set at $200,000.00, he has been incarcerated since that date. Defendant was tried, but on January 18, 1984, the Court, on defendant's motion, declared a mistrial as the jury was unable to reach a verdict.

The Court, acting sua sponte, ordered that the retrial be transferred to the St. Thomas and St. John Division of the District Court of the Virgin Islands and scheduled it for March 12, 1984. As authority therefor the Court cited the Speedy Trial Act[1] and Rule 18 of the Federal Rules of Criminal Procedure.[2]

Defendant responded with a motion to vacate the order setting retrial claiming that the Court abused its discretion by "setting the place of retrial in a division foreign to both the occurance [sic] of the crime, the residence of the accused, and the place of the trial, without consultation with counsel." The Court denied the motion on February 15, 1984, citing the interest of the defendant, the efficient and prompt administration of justice, and the lack of any real inconvenience to any parties or witnesses.

Before the Court now is the defendant's motion to dismiss the information on double jeopardy grounds.

---

[1] 18 U.S.C. § 3161(e) (Supp. III 1979) states in part:

> If the defendant is to be tried again following a declaration by the trial judge of a mistrial or following an order of such judge for a new trial, the trial shall commence within seventy days from the date the action occasioning the retrial becomes final. . . . [T]he court retrying the case may extend the period for retrial not to exceed one hundred and eighty days from the date the action occasioning the retrial becomes final if unavailability of witnesses or other factors resulting from passage of time shall make trial within seventy days impractical.

[2] Rule 18 provides:

> Except as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed. The court shall fix the place of trial within the district with due regard to the convenience of the defendant and the witnesses and the prompt administration of justice.

## II. DISCUSSION

### A. *Double Jeopardy*

■ The prohibition against Double Jeopardy can be found in the Fifth Amendment to the United States Constitution which provides ". . . nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb; . . ." See generally Price v. Georgia, 398 U.S. 323 (1969). At common law it meant nothing more than that where there had been a final verdict either of acquittal or conviction, on an adequate indictment, the defendant could not be a second time placed in jeopardy for a particular offense. Jenkins v. State, 238 A.2d 922, 925 (Md. 1968).

■■ It is no longer essential that a verdict of guilt or innocence be returned for a defendant to have once been placed in jeopardy so as to bar a second trial on the same charge. In Green v. United States, 355 U.S. 184, 188 (1957), the Supreme Court stated that "[t]his Court, as well as most others, has taken the position that a defendant is placed in jeopardy once he is put to trial before a jury so that if the jury is discharged without his consent he cannot be tried again."

■■ The law is clear, however, that a retrial after mistrial due to a hung jury does not violate the constitutional guarantee against double jeopardy. Wade v. Hunter, 336 U.S. 684, 688–89 (1948); Gilmore v. United States, 264 F.2d 44, 46 (5th Cir. 1959). It follows that double jeopardy has not attached in this case and defendant's reliance on this doctrine is misplaced.[3] Defendant's motion to dismiss the information on double jeopardy grounds must therefore be denied.

### B. *Abuse of Discretion*

Although this Court has already denied defendant's motion to reconsider its order transferring the retrial, defendant has incorporated it into the present motion and amplified his claims. We will, therefore, briefly review whether this Court abused its discretion in ordering the retrial of this case transferred to the division of St. Thomas and St. John.

---

[3] Defendant also mentions the concept of continuing jeopardy, which is equally inapplicable here, see Price v. Georgia, 398 U.S. 323 (1969); Green v. United States, 555 U.S. 184 (1957), but goes on to state that "defendant is moving here not on a challenge of 'the concept of continuing jeopardy,' but on the premise that continuing jeopardy is sought to be aggravated by an amalgam of factors which will increase his risk of conviction outside of his courtroom control."

According to Rule 18 of the Federal Rules of Criminal Procedure[4] and the Speedy Trial Act[5] the fixing of the place of trial within the district is within the discretion of the trial judge.[6] A 1966 amendment to Rule 18 deleted the previous requirement that a defendant be tried in the division in which the offense occurred. This has been interpreted to mean that as long as the trial takes place within the district in which the offense took place, no error occurs. United States v. Young, 618 F.2d 1281, 1288 (8th Cir. 1980); United States v. Mase, 556 F.2d 671, 675 (2d Cir. 1977).

In Zicarelli v. Gray, 543 F.2d 466 (3d Cir. 1976), the Third Circuit found that "[w]hen a federal judicial district has been carved into divisions, the accused has no right to a trial held in a particular division, even the one where the crime occurred, since the constitutional guarantee is written in terms of districts." (Footnotes omitted.) Id. at 479.

Defendant claims the risk of an erroneous conviction is greater in the Division of St. Thomas and St. John because the jury will be composed only of jurors from that division. Yet there is no constitutional right to have jurors drawn from the entire district. Zicarelli, supra at 479; Ruthenberg v. United States, 245 U.S. 480, 482 (1918); United States v. Florence, 456 F.2d 46 (4th Cir. 1972). As this Court stated in its Order dated February 15, 1984, the communities of St. Thomas and St. John and St. Croix are comprised of the same cultural and racial mix. There is no factual basis before this Court buttressing defendant's statement that the juries of St. Thomas and St. John are more likely to return guilty verdicts.

The judge's discretion in fixing the place of trial within the district is not unlimited. He or she must give due regard to the convenience of the defendant and the witnesses, and the prompt admin-

---

[4] See, supra, note 2.

[5] 18 U.S.C. § 3161(a) (1976) provides:

In any case involving a defendant charged with an offense, the appropriate judicial officer, at the earliest practicable time, shall, after consultation with the counsel for the defendant and the attorney for the Government, set the case for trial on a day certain, or list it for trial on a weekly or other short-term trial calendar at a place within the judicial district, so as to assure a speedy trial.

[6] The district court has inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly fashion. This is especially important in light of the Speedy Trial Act of 1974. United States v. Correia, 531 F.2d 1095 (1st Cir. 1976); United States v. Inman, 483 F.2d 738 (4th Cir. 1973).

istration of justice.[7] Fed. R. Crim. P. 18; United States v. Burns, 662 F.2d 1378, 1382 (11th Cir. 1981). The Court is not authorized to fix the place of trial on the basis of other considerations to the exclusion of these. Id.; Dupoint v. United States, 388 F.2d 39 (5th Cir. 1967) (convenience of prosecution improper consideration); United States v. Fernandez, 480 F.2d 726 (2d Cir. 1973) (convenience of judge improper consideration).

The Court considered the proper factors in its previous orders. It found that it would not be inconvenient for the defendant to be tried in St. Thomas because the Criminal Justice complex there is immediately adjacent to the courthouse and defendant will be transported by Bureau of Corrections personnel.

Likewise, the witnesses would not be inconvenienced by testifying in St. Thomas. Their expenses will be covered by the Criminal Justice Act, 18 U.S.C. § 3006A(e) (1) or (2) (1976),[8] and the flight takes approximately 20 minutes. Defendant claims that he will be deprived of the support of his family and friends if he is retried in the Division of St. Thomas and St. John because they cannot afford to attend. The Court notes, however, that many of these people, including his mother, father, sister, and some friends, are witnesses in the case, and will be able to attend.

The third factor for consideration was pivotal in the Court's decision. Pursuant to the Speedy Trial Act, 18 U.S.C. § 3161(e) (Supp. III 1979),[9] the retrial must take place within 70 days of January 18, 1984, or before March 28, 1984.

---

[7] This last factor was added in 1979 to allow the court to transfer a case where a speedier trial would be possible thereby eliminating any inconsistency between the Speedy Trial Act and Rule 18. 2 C. Wright, Federal Practice and Procedure § 305 (1982).

[8] These sections provide:

(e) Service other than counsel.—

(1) Upon request.—Counsel for a person who is financially unable to obtain investigative, expert, or other services necessary for an adequate defense may request them in an ex parte application. Upon finding, after appropriate inquiry in an ex parte proceeding, that the services are necessary and that the person is financially unable to obtain them, the court, or the United States magistrate if the services are required in connection with a matter over which he has jurisdiction, shall authorize counsel to obtain the services.

(2) Without prior request.—Counsel appointed under this section may obtain, subject to later review, investigative, expert or other services without prior authorization if necessary for an adequate defense. The total cost of services obtained without prior authorization may not exceed $150 and expenses reasonably incurred.

[9] See, supra, note 1 for text.

■ The Court found that it would be improper to have the retrial before a jury selected from the same panel as the original trial. The current panel will sit until April 6, 1984. The Speedy Trial Act allows for an extension, not to exceed 180 days, if unavailability of witnesses or other factors resulting from the passage of time make trial within 70 days impractical. 18 U.S.C. § 3161(e) (Supp. III 1979). In this case there is no reason why the trial should not go forward, especially since defendant has been confined since early November, 1983. Furthermore, defendant is scheduled to stand trial on escape charges on April 9, 1984, in the Division of St. Croix.

## CONCLUSION

For the foregoing reasons defendant's motion to dismiss the information on double jeopardy grounds is denied and the case will be retried in the Division of St. Thomas and St. John commencing on March 12, 1984.

## ORDER

THIS MATTER is before the Court on defendant's Motion to Dismiss the Information on Double Jeopardy Grounds. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED;

THAT defendant's motion be and the same is hereby DENIED; and

THAT the retrial of defendant will go forward pursuant to the order of this Court dated January 20, 1984.