MELVIN RONALD JETT *v.* DIRECTOR,
PATUXENT INSTITUTION

[No. 87, September Term, 1967.]

*Decided July 3, 1968.*

Before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and
THOMPSON, JJ.

PER CURIAM.

This is an application for leave to appeal from a determination
by Judge Shirley B. Jones, sitting in the Criminal Court of
Baltimore on applicant's petition for relief under the Uniform
Post Conviction Procedure Act. On September 24, 1963 the
applicant was found guilty of storehouse breaking and on No-
vember 8, 1963 he was found guilty of larceny, both in the
Criminal Court of Baltimore. He received sentences totaling
two years, the sentences were suspended and he was placed
on probation for two years. On May 25, 1964, applicant was

convicted in the Municipal Court of Baltimore City of the offenses of carrying a deadly weapon and attempted larceny. He received consecutive one year sentences on these convictions. His probation was revoked and the suspended sentences were reinstated.

In his petition the applicant attacked only the convictions in the Municipal Court of Baltimore City asserting that at the time of his trial in the Municipal Court of Baltimore City, he was not represented by counsel and although he was indigent, counsel was not appointed for him. Judge Jones found that the State had failed to prove that the applicant had knowingly and intelligently waived his right to counsel. She granted the applicant a new trial on the offenses of which he was convicted in the Municipal Court of Baltimore City. Judge Jones also found that the applicant was legally detained under the sentences which were reinstated upon revocation of the probation. The application for leave to appeal was apparently directed to the finding that the appellant was legally detained under the reinstated sentences.

It appears that the applicant's sentences expired on August 18, 1967 and he was released from the Maryland House of Correction on that date. Even though he was turned over to the Sheriff of Anne Arundel County on a detainer to answer for another charge, he is no longer "incarcerated under sentence of death or imprisonment or on parole or probation * * *" on the convictions attacked. Md. Code, (1967 Repl. Vol.) Art. 27, § 645A. Accordingly the application for leave to appeal, in any event, has been rendered moot and must, therefore, be denied. *Tucker v. Warden,* 240 Md. 738; *Good v. State,* 240 Md. 1.

*Application denied.*