501 A.2d 1348

**STATE of Maryland**

v.

**Richard Ray McMANNIS.**

**Post Conviction No. 9, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Jan. 8, 1986.

Robert W. Hamilton, State's Atty. for Allegany County, Cumberland (Stephen H. Sachs, Atty. Gen., Baltimore, for applicant.

Submitted before MOYLAN, WILNER and WEANT, JJ.

MOYLAN, Judge.

The single issue presented by this application for leave to appeal by the State of Maryland is that of when is a criminal conviction and the consequences of it so final as to render any attack upon it by way of post conviction petition moot.

The appellee, Richard Ray McMannis, was convicted upon a plea of guilty in the Circuit Court for Allegany County in 1970 of breaking and entering. He was sentenced to two years imprisonment, served the entire sentence, and was released. The appellee was subsequently convicted of two other felonies, the details of which convictions are not here pertinent. Ultimately, the appellee was tried and convicted in West Virginia under that state's Habitual Offender Statute. Because he had the prior felony convictions, including the 1970 conviction in Allegany County, on his record, he was sentenced to life imprisonment, which sentence is currently being served in the West Virginia Penitentiary.

On April 5, 1984, the appellee filed a post conviction petition in the Circuit Court for Allegany County charging that his conviction upon his 1970 guilty plea was defective. The hearing judge considered the merits of the case and agreed that the full explanation of constitutional rights required by *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), had not been given to the

appellee. Over the State's objection that the entire case was moot, the hearing judge ruled that the appellee was entitled to a new trial. The State seeks leave to appeal that ruling.

On the question of mootness, the hearing judge, in his Memorandum Opinion, ruled:

"Initially, the issue of the Petitioner's standing must be addressed. The State maintains that Petitioner does not have standing to proceed with this post conviction petition because he is no longer under sentence for this particular offense. The statute requires that a petitioner be 'either incarcerated under sentence of death or imprisonment or on parole or probation....' Art. 27, Sec. 645A(a); *Good v. State*, 240 Md. 1 [212 A.2d 487] (1965). At first glance, it appears the State is correct in its assertion that Petitioner has no standing to proceed. However, Petitioner is presently incarcerated in the West Virginia Penitentiary under a life sentence under the West Virginia habitual offender statute, which authorizes the imposition of a life term upon a defendant who has been convicted of three felonies in the United States. West Virginia Code, 61–11–18. The conviction in question in this proceeding was the first of three felonies on which Petitioner's life sentence was based. The Post Conviction Procedure Act was enacted to provide a comprehensive scheme to collaterally challenge the legality of incarceration upon conviction. *Davis v. State*, 285 Md. 19 [400 A.2d 406] (1979). While Petitioner is not now incarcerated as a direct result of his conviction in this case, he is incarcerated as a consequence thereof. But for this underlying conviction in May, 1970 he would not have been subjected to the penalties of the West Virginia habitual offender act. The spirit, if not the letter, of the Post Conviction Procedure Act extends to a petitioner under such circumstances. Therefore, this Court believes that Petitioner is presently incarcerated under sentence for this conviction and has standing to proceed in this manner."

■■■ Although the impulses of the hearing judge were generous, his logic was flawed, as he himself in part recognized when he pointed out, "The spirit, if not the letter, of the Post Conviction Procedure Act extends to a Petitioner under such circumstances." In dealing with a limited statutory remedy, we must be concerned with the letter of the statute. Md.Ann.Code, Art. 27, § 645A(a), provides, *inter alia*, that:

> "Any person convicted of a crime and either incarcerated under sentence of death or imprisonment or on parole or probation ... who claims that the sentence or judgment was imposed in violation of the Constitution of the United States ... may institute a proceeding under this subtitle...."

We think it clear that the conjunctive preconditions of (1) conviction of a crime and (2) a sentence of incarceration, parole, or probation both refer to the same crime. In the case before us, the entire sentence for the Allegany County conviction had been served. There was no longer upon this conviction any actual (or potential) incarceration, parole, or probation.

In interpreting the Federal Habeas Corpus Act, the Supreme Court of the United States has been willing to deny mootness where there remained any collateral consequences of the conviction, *Carafas v. LaVallee*, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968), but that is a mere statutory interpretation of an Act of Congress not as restrictive in its terms as the act of the Maryland Legislature before us. *But see Lane v. Williams*, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1982), even as to the interpretation of the federal statute. Under the Maryland statute, it is clear that once one is no longer in prison, on parole, or on probation for a conviction, the validity of the conviction is a moot point for post conviction review purposes. *Simon v. Warden*, 238 Md. 27, 207 A.2d 484 (1965); *Tucker v. Warden*, 240 Md. 738, 215 A.2d 476 (1966).

In *Jett v. Director*, 4 Md.App. 506, 243 A.2d 608 (1968), the final release from the Maryland House of Correction

was deemed to have rendered a post conviction attack absolutely moot. We held, at 4 Md.App. 507, 243 A.2d 608:

"It appears that the applicant's sentences expired on August 18, 1967 and he was released from the Maryland House of Correction on that date. Even though he was turned over to the Sheriff of Anne Arundel County on a detainer to answer for another charge, he is no longer 'incarcerated under sentence of death or imprisonment or on parole or probation ...' on the convictions attacked. Md.Code (1967 Repl.Vol.) Art. 27, § 645A. Accordingly the application for leave to appeal, in any event, has been rendered moot and must, therefore, be denied. *Tucker v. State,* 240 Md. 738 [215 A.2d 476]; *Good v. State,* 240 Md. 1 [212 A.2d 487]."

Similarly, in *Good v. State,* 240 Md. 1, 212 A.2d 487 (1965), the Court of Appeals held unequivocally that relief is not available unless there be either incarceration, probation, or parole, stating at 240 Md. at 13, 212 A.2d 487:

"We note that relief under the Uniform Post Conviction Procedure Act, Code (1964 Cum.Supp.), Art. 27, secs. 645A, *et seq.,* even as amended by Ch. 422 of the Acts of 1965, is not available to appellant since she is not incarcerated or under probation or parole."

As to the hearing judge's feeling with respect to the spirit of the law, as opposed to the letter of the law, the final observation of the Court of Appeals in *Good v. State,* 240 Md. at 13, 212 A.2d 487, is highly pertinent:

"If the truth of the allegations in the appellant's petitions be assumed, it would appear that there is no adequate judicial remedy for the wrong of which the appellant complains, but, as was said in *Keane v. State,* 164 Md. 685, 694, 166 Atl. 410 (1933), 'this Court cannot create a remedy where none exists, since its function is to discover and apply existing law and not to make new law.'"

APPLICATION FOR LEAVE TO APPEAL GRANTED; JUDGMENT OF THE CIRCUIT COURT REVERSED; COSTS TO BE PAID BY APPELLEE.