536 A.2d 652

**Richard Ray McMANNIS**

**v.**

**STATE of Maryland.**

**No. 26, Sept. Term, 1986.**

Court of Appeals of Maryland.

Feb. 8, 1988.

George E. Burns, Jr., Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

Deborah K. Chasanow, Asst. Atty. Gen. (Stephen H. Sachs, Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, COUCH * and McAULIFFE, JJ., and MARVIN H. SMITH, Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

McAULIFFE, Judge.

Richard Ray McMannis is presently serving a life sentence in West Virginia because that state has adjudged him a recidivist. He has filed a petition for post-conviction relief in the Circuit Court for Allegany County, Maryland, chal-

---

* COUCH, J., now retired, participated in the hearing and conference of this case while an active member of the Court, after being recalled pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

lenging the validity of an earlier conviction in that court, which he contends was used by West Virginia as a necessary predicate for his enhanced sentence. The State contests the jurisdiction of the circuit court, contending that the Petitioner is not in the custody of Maryland within the intent and language of our Post Conviction Procedure Act, and that, in any event, the case is moot because Petitioner has completed service of the Maryland sentence generated by the challenged conviction, and is not on parole or probation as a result of that conviction.

Petitioner prevailed at the circuit court level, Judge J. Frederick Sharer finding that Petitioner's imprisonment in West Virginia, as a collateral consequence of the earlier Maryland conviction, satisfied the requirement of custody found in our Post Conviction Procedure Act, Maryland Code (1957, 1982 Repl. Vol., 1987 Cum.Supp.) Article 27, §§ 645A–645J, and finding further that the record of the Maryland conviction failed to demonstrate that Petitioner's guilty plea had been knowing and voluntary within the meaning of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The Court of Special Appeals granted the State's application for leave to appeal and reversed, holding that the action was moot. *State v. McMannis*, 65 Md.App. 705, 501 A.2d 1348 (1986). We granted certiorari, and we now affirm the judgment of the Court of special Appeals, on the ground that the circuit court lacked jurisdiction to entertain the petition.

I

*Facts*

On May 1, 1970, while represented by counsel, Petitioner entered a plea of guilty to the felony of breaking a storehouse and stealing goods or chattels of value of five dollars or more. Maryland Code (1957, 1967 Repl.Vol.) Art. 27, § 33. A sentence of two years imprisonment was imposed, but the execution of that sentence was suspended and Petitioner was placed on probation for one year. Two

months later, Petitioner was found to have violated his probation, and he was remanded to custody to serve the two year sentence. At the time of the filing of this petition for post-conviction relief in 1984, Petitioner had served the sentence and was not on parole or probation for that offense.

Petitioner's difficulties in West Virginia may be pieced together from this record and from the decisions of the Supreme Court of Appeals of West Virginia in *State v. McMannis,* 161 W.Va. 437, 242 S.E.2d 571 (1978) and *State ex rel. McMannis v. Mohn,* 163 W.Va. 129, 254 S.E.2d 805 (1979), *cert. denied,* 464 U.S. 831, 104 S.Ct. 110, 78 L.Ed.2d 112 (1983). On September 10, 1971, in Mineral County, and again on November 6, 1975, in Hampshire County, Petitioner was convicted of Grand Larceny. Following the latter conviction, and upon proof of the 1970 Maryland conviction and the 1971 Mineral County conviction, Petitioner was sentenced to life imprisonment as an habitual criminal pursuant to West Virginia Code, § 61–11–18. That life sentence was reversed on direct appeal because the State had failed to demonstrate that Petitioner had been convicted and sentenced for one predicate offense before he committed the second predicate offense. *State v. McMannis, supra,* 242 S.E.2d at 575. At some time not made clear by the record, but presumably after his 1975 conviction, Petitioner was convicted of a second-degree sexual assault that occurred in the Mineral County jail. West Virginia again proceeded against McMannis under its habitual offender statute, and he was again sentenced to life imprisonment. This life sentence was also vacated by the West Virginia Supreme Court, when the Attorney General conceded the State had not proven that each subsequent offense relied upon was committed after conviction and sentence for the preceding offense. *State ex rel. McMannis v. Mohn, supra,* 254 S.E.2d at 806–07. On remand, the State was given the option of having the Petitioner sentenced for the sexual assault conviction, or of again invoking the recidivist statute. Apparently, the prosecutor elected to seek an en-

hanced sentence, and although it is not entirely clear which predicate felonies the State relied upon, Petitioner has alleged, and Judge Sharer found, that the 1970 Maryland conviction was utilized as a necessary predicate,[1] and that Petitioner has again been sentenced to life imprisonment.

## II

### *Mootness*

The question of mootness is analytically distinct from the jurisdictional question of custody. *Leonard v. Hammond,* 804 F.2d 838, 842 (4th Cir.1986); *Ward v. Knoblock,* 738 F.2d 134, 138–39 (6th Cir.1984), *cert. denied,* 469 U.S. 1193, 105 S.Ct. 970, 83 L.Ed.2d 974 (1985); *Harrison v. State of Ind.,* 597 F.2d 115, 117–18 (7th Cir.1979). Ordinarily, a case becomes moot when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome. *Murphy v. Hunt,* 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982).

Under the circumstances of this case, Petitioner's claim for relief is not moot. The issues involved are hardly academic or dead. If Petitioner is correct in his assertion that his guilty plea in Maryland in 1970 was not knowing and voluntary, it is clear that he suffers anew from that constitutional infirmity by the imposition of an enhanced sentence in West Virginia that is dependent upon the earlier conviction. *See Burgett v. Texas,* 389 U.S. 109, 115, 88

---

**1.** It is somewhat curious that West Virginia should elect to rely upon the 1970 Maryland conviction, instead of the 1971 West Virginia grand larceny conviction, as the initial predicate offense. Apparently the State could not use them both as predicate offenses because both crimes were committed before there was a conviction for either. *State v. McMannis,* 161 W.Va. 437, 242 S.E.2d 571 (1978). That being the case, it would appear more logical for West Virginia to rely upon the 1971 Mineral County grand larceny conviction, the 1975 Hampshire County conviction, and the Mineral County sexual assault conviction as the required predicates for a life sentence. Nonetheless, in the absence of any contention that the finding was erroneous, we accept Judge Sharer's determination that the Maryland conviction was utilized as a necessary predicate for the West Virginia life sentence.

S.Ct. 258, 262, 19 L.Ed.2d 319 (1967); *Raiford v. State,* 296 Md. 289, 300–01, 462 A.2d 1192 (1983).

The United States Supreme Court has held that a federal habeas corpus proceeding is not necessarily rendered moot by a petitioner's release from custody, and that where the conviction results in collateral consequences in the form of substantial civil penalties, the claim is not moot. *Carafas v. LaVallee,* 391 U.S. 234, 237–38, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554 (1968). *Cf. Lane v. Williams,* 455 U.S. 624, 632–33, 102 S.Ct. 1322, 1327–28, 71 L.Ed.2d 508 (1982) (holding that minor, non-statutory, collateral consequences alone are insufficient to avoid mootness). In the case before us, the collateral consequence of an enhanced prison term is substantial, and its causal relationship, though indirect, is positive and demonstrable. A collateral consequence of this magnitude renders this a live, justiciable controversy, and the claim of mootness is without merit.

## III

### *Jurisdiction*

■ We turn to the more difficult question posed by this case—whether the Petitioner falls within the jurisdictional prerequisites of Art. 27, § 645A(a) of the Maryland Code (1957, 1982 Repl.Vol., 1987 Cum.Supp.). Our focus is directed to the initial portion of § 645A(a), restricting post-conviction relief to:

> [a]ny person convicted of a crime and either incarcerated under sentence of death or imprisonment or on parole or probation, including any person confined or on parole or probation as a result of a proceeding before the District Court....

For convenience, we shall refer to this portion of § 645A(a) as the "custody" requirement of our statute.

Petitioner concedes that he is no longer in custody or on parole or probation as a direct consequence of the conviction he is challenging. He contends, however, that the language of § 645A(e), permitting a petition to be filed "at

any time," supersedes the requirement of custody set forth in § 645A(a). In the alternative, he contends that he must be found to be in custody because of the close causal relationship that exists between his current incarceration in West Virginia and the earlier Maryland conviction.

In support of the first of these contentions, Petitioner notes that § 645A(e) provides in part as follows:

A petition for relief under this subtitle may be filed at any time, except that where an appeal has been taken from the judgment of conviction to the Court of Special Appeals, it shall not be necessary to appoint counsel or conduct a hearing or take any action whatsoever on the petition, until the judgment of conviction becomes final in the Court of Special Appeals.

He then points to the language of this Court in *Simon v. Director*, 235 Md. 626, 629, 201 A.2d 371 (1964), that § 645A "provides that a petition for post conviction relief 'may be filed at any time,' and we have held that it may be filed although the petitioner is not then detained under the sentence attacked. *Roberts v. Warden*, 221 Md. 576, 580 [155 A.2d 891 (1959).]" He concludes that either the provisions of subsection (e) completely supersede the custody requirement of subsection (a), or, in the alternative, that the provisions of subsection (e) permit the filing of a petition at any time after custody has terminated, provided custody at some time can be shown to have resulted from the conviction under attack. We disagree with both contentions.

The provisions of subsections (a) and (e) of § 645A are not inconsistent. The purpose of the quoted portion of subsection (e) is to permit the filing of a petition at any time, even while a direct appeal is pending, or long after the time for a direct appeal has passed, *provided* the custody requirement of subsection (a) is also met. See *United States v. Darnell*, 716 F.2d 479 (7th Cir.1983), reaching the same conclusion in interpreting comparable language of 28 U.S.C. § 2255. In *Simon, supra,* the petitioner was convicted of sodomy while on parole from Patuxent Institution. He was sentenced to six years imprisonment, and concur-

rently returned to Patuxent as a result of his violation of parole. The warden of the Maryland House of Correction lodged a detainer with the authorities at Patuxent, to assure that the six year sentence would be served if Simon should ever be released from Patuxent. See *Simon v. Warden*, 238 Md. 27, 207 A.2d 484 (1965). Thus, Simon's detention at the time he filed the petition was the product not only of his commitment as a defective delinquent, but also of the detainer. Although at one time it was generally held that a collateral attack could not be brought to challenge a sentence the prisoner was not yet serving, *McNally v. Hill*, 293 U.S. 131, 138, 55 S.Ct. 24, 27, 79 L.Ed. 238 (1934), *Roberts v. Warden*, 206 Md. 246, 254–55, 111 A.2d 597 (1955), that "prematurity" doctrine was jettisoned by the Supreme Court in *Peyton v. Rowe*, 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968). In *Roberts v. Warden*, 221 Md. 576, 155 A.2d 891 (1959), *cert. denied*, 362 U.S. 953, 80 S.Ct. 866, 4 L.Ed.2d 871 (1960) (*Roberts III*), referred to by the *Simon* court, our predecessors held that an application for post-conviction relief would lie even though the petitioner had not yet begun to serve the sentence he attacked, where it was clear he was serving a prior sentence and the two sentences were consecutive. The holdings in *Simon* and *Roberts III* rest upon firm ground. However, to the extent the language of those decisions may indicate that the authority granted by § 645A(e) to file a petition for post-conviction relief at any time supersedes the jurisdictional requirement of custody contained in § 645A(a), that language is disapproved.

The second and final prong of Petitioner's argument in favor of jurisdiction is that, in view of the expansive interpretation that has been given custody requirements of state and federal habeas corpus law, and in view of the clear and substantial impact that the existence of the Maryland conviction has had on the Petitioner in West Virginia, we should interpret the custody requirement of the Maryland act so broadly as to embrace the Petitioner's circumstances. This we decline to do, believing it would be contrary both to

the intent of the Legislature and to solid public policy considerations.

Petitioner is correct in his assertion that the "in custody" requirement of federal habeas corpus law has been given an expansive interpretation during the last quarter century. In *Jones v. Cunningham*, 371 U.S. 236, 243, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963), the Supreme Court held that the significant restraints on liberty imposed by conditions of parole satisfy the custody requirement of 28 U.S.C. § 2241. In *Peyton v. Rowe*, 391 U.S. 54, 67, 88 S.Ct. 1549, 1556, 20 L.Ed.2d 426 (1968), the Court held that a prisoner may use habeas corpus to challenge a consecutive sentence not yet being served. In *Carafas v. LaVallee, supra,* 391 U.S. at 238–40, 88 S.Ct. at 1559–61, the Court held that custody must be determined as of the time the petition is filed, and that a subsequent release of the petitioner does not deprive the trial court of jurisdiction. More recently, in *Hensley v. Municipal Court,* 411 U.S. 345, 351–54, 93 S.Ct. 1571, 1574–76, 36 L.Ed.2d 294 (1973), the Court held that a petitioner free on his own recognizance pending execution of a state jail sentence was in custody within the meaning of 28 U.S.C. § 2254. *See also Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489 n. 4, 93 S.Ct. 1123, 1126 n. 4, 35 L.Ed.2d 443 (1973) (Alabama prisoner subject to Kentucky detainer could bring habeas corpus action in Kentucky federal court, challenging Kentucky conviction for which detainer had been issued—Alabama warden acts as agent for Kentucky in maintaining custody of prisoner pursuant to detainer). *See generally* 17 Wright, Miller, and Cooper, *Federal Practice and Procedure* § 4262 (1978, 1987 Cum.Supp.); *Developments in the Law—Habeas Corpus,* 83 Harv.L.Rev. 1038, 1073–79 (1970).

This expansive interpretation of the "in custody" requirements of federal statutes is not binding upon us in our determination of the scope of the custody requirement of our post-conviction statute. It is persuasive authority, however, not only because of the deference that is properly afforded opinions of the United States Supreme Court, but

because a narrower interpretation would in some instances preclude initial consideration and determination by the states of the validity of state convictions—a responsibility that is properly reposed in the first instance with the states. Given the desirability of first-tier state review of constitutionally based challenges to state convictions, there arises, in cases involving custody in one state and conviction in another, the further question of which state should assume jurisdiction of the petition.[2] We believe the answer to that question must depend upon the particular facts of each case. When a state has imposed a sentence following conviction, and has lodged a detainer with another state, a strong argument may be made for recognition of post-conviction jurisdiction by the state issuing the detainer, where the challenge is to that state's conviction or sentence. On the other hand, where a person in another state has fully served a sentence imposed by Maryland and is in no sense being detained by, or at the direction of, Maryland, the challenge to an earlier Maryland conviction that is having some collateral, albeit significant, consequence upon the petitioner's imprisonment because of the law of the state of imprisonment should more properly be brought in the state that confines him.

The requirement of custody, though broadly interpreted to afford a forum for those who suffer significant restraints of liberty by reason of alleged constitutional deprivation, still exists, and we do not perceive it to have been the intent of our Legislature to have the concept of custody embrace the situation of the Petitioner. McMannis is in the sole custody of West Virginia. Maryland has no detainer pending against him arising out of the conviction he seeks

---

**2.** This question is similar in some respects to one that has been faced by the federal courts. *See Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Harris v. Ingram,* 683 F.2d 97 (4th Cir.1982); *Noll v. People of State of Neb.,* 537 F.2d 967 (8th Cir.1976). Resolution of this difficult problem is more readily achieved in a unified federal system than among 50 autonomous states.

544

to challenge. He has served the entire sentence imposed by
Maryland as a result of that conviction, and has no residual
parole or probation ties to this State. The length of his
confinement in West Virginia may have been extended by
proof of the Maryland conviction, but that is a result of a
legislative decision by the State of West Virginia, and not a
result of the exercise of the sovereign power of Maryland.
West Virginia has made a legislative determination to con-
sider foreign as well as domestic antecedent convictions for
the purpose of enhancing sentences, and by so doing it has
assumed the responsibility of proving the existence of a
valid predicate conviction. *Oyler v. Boles,* 368 U.S. 448,
452, 82 S.Ct. 501, 503, 7 L.Ed.2d 446 (1962); *Graham v.
West Virginia,* 224 U.S. 616, 625, 32 S.Ct. 583, 586, 56 L.Ed.
917 (1912). When a challenge to the validity of a foreign
predicate conviction is lodged, we believe it is the jurisdic-
tion utilizing that foreign conviction for enhancement of
sentence which should bear the responsibility of resolving
that controversy. When Maryland is met with a challenge
to the validity of a foreign conviction offered as a predicate
conviction under our recidivist statutes, we bear the burden
of litigating that issue. *See Brown v. State,* 311 Md. 426,
535 A.2d 485 (1988); *Temoney v. State,* 290 Md. 251, 429
A.2d 1018 (1981); *Middleton v. State,* 67 Md.App. 159,
174–75, 506 A.2d 1191, *cert. denied,* 308 Md. 146, 517 A.2d
771 (1986).

Federal courts addressing the problem of which federal
trial court may have jurisdiction to entertain a collateral
attack upon a predicate conviction have generally reached a
conclusion that comports with our interpretation of the
Maryland Post Conviction Procedure Act. *See Marks v.
Rees,* 715 F.2d 372, 374 (7th Cir.1983) (federal district court
in Indiana without jurisdiction to hear habeas petition chal-
lenging prior Indiana conviction, sentence for which had
been fully served, where petitioner was imprisoned in Ken-
tucky pursuant to enhanced sentence based upon Indiana
conviction); *Harris v. Ingram,* 683 F.2d 97 (4th Cir.1982)
(petitioner not in custody of Virginia within the meaning of

28 U.S.C. § 2254 when he had fully served the Virginia sentence associated with the conviction he attacked, and was, at the time of the filing of the petition, a prisoner in North Carolina); *Hanson v. Circuit Court of First Judicial Circuit,* 591 F.2d 404, 407–09 (7th Cir.), *cert. denied,* 444 U.S. 907, 100 S.Ct. 220, 62 L.Ed.2d 143 (1979) (California district court without jurisdiction to entertain habeas petition challenging Illinois conviction when petitioner imprisoned in California and not being actually or constructively detained by Illinois); *Noll v. People of State of Neb.,* 537 F.2d 967 (8th Cir.1976) (federal court in Nebraska without jurisdiction to entertain habeas corpus challenging Nebraska predicate conviction, where Nebraska sentence had been fully served and petitioner was serving enhanced sentence in California); *Burns v. State of S.C.,* 552 F.Supp.421 (D.S.C.1982) (petitioner was not in custody in South Carolina within the meaning of 28 U.S.C. § 2241 when he was physically imprisoned in Pennsylvania and had fully served the underlying South Carolina conviction that he challenged). The Fifth Circuit Court of Appeals, *Craig v. Beto,* 458 F.2d 1131, 1133 (5th Cir.1972), held that a state which uses a conviction from another state as a predicate for imposing a life sentence was properly burdened with defending an attack on that foreign state conviction. In *dictum,* however, the Fifth Circuit opined that the collateral attack could also have been made in the state that imposed the predicate conviction. *Id.* at 1134. That *dictum* appears to ultimately rest upon language from *Carafas v. LaVallee, supra,* 391 U.S. 234, 88 S.Ct. 1556, that dealt with the question of mootness rather than jurisdiction. *See Noll v. People of State of Neb., supra,* 537 F.2d at 969–70.

State decisions favoring the approach we have taken include *Yde v. State,* 376 A.2d 465 (Me.1977) and *State v. Theoharopoulos,* 72 Wis.2d 327, 240 N.W.2d 635 (1976). In *Yde,* the Supreme Judicial Court of Maine held that post-conviction relief in that state is available only when the petitioner is under some form of restraint, actual or technical, under Maine law. There, the petitioner was incarcerat-

ed in a federal penitentiary in Georgia and sought to challenge two earlier Maine convictions that he alleged were in part responsible for his incarceration in Georgia. Finding that the petitioner was under no form of restraint in Maine, the court held that jurisdiction was lacking under the Maine statute.[3] In *State v. Theoharopoulos, supra,* a petitioner in custody in a Wisconsin jail under federal detainer for deportation proceedings was held not to be in custody under the sentence of a state court, even though the federal detainer was for deportation proceedings based on the earlier state conviction.

Vermont has held to the contrary, determining that a petitioner serving an enhanced sentence in Colorado is in custody within the meaning of a Vermont statute and may attack predicate convictions in Vermont even though he had previously served the Vermont sentences. *In re Stewart,* 140 Vt. 351, 438 A.2d 1106 (1981). We are not persuaded that the state cases cited by the Vermont court support the conclusion reached,[4] nor are we persuaded that that conclu-

---

**3.** The Maine court distinguished its earlier decision in *Green v. State,* 237 A.2d 409 (Me.1968). In *Green,* the petitioner was imprisoned in Maine under an enhanced sentence, and challenged an earlier Maine conviction relied upon to establish his recidivist status. Because the petitioner was in custody through the application of the Maine recidivist statute, the Court held that he was under restraint pursuant to Maine law. When a predicate conviction and an enhanced sentence both occur in the same state, no significant problem is presented. A collateral attack on the enhanced sentence will survive a jurisdictional challenge, and will be sufficient to reach the constitutional validity of a predicate conviction.

**4.** The state cases relied on by the Vermont court were *Smith v. State,* 94 Idaho 469, 471, 491 P.2d 733 (1971); *State v. Reynolds,* 238 So.2d 598, 600 (Fla.1970); *State v. Urbano,* 105 Ariz. 13, 14, 457 P.2d 343 (1969) (in banc), *cert. denied,* 397 U.S. 948, 90 S.Ct. 968, 25 L.Ed.2d 129 (1970); and *Green v. State,* 237 A.2d 409, 411 (Me.1968). *Smith* dealt only with mootness, and as we have pointed out, that question should not be confused with issue of jurisdiction. *Reynolds* dealt with a petitioner incarcerated in Texas who filed a post-conviction petition in Florida. *Reynolds* is distinguishable, however, because Florida had filed a detainer in Texas in connection with the Florida convictions under attack. *See Reynolds v. State,* 224 So.2d 769 (Fla.App.1969). *Urbano* involved a petition for a writ of error coram nobis, a proceed-

sion represents a proper interpretation of the custody requirement of our statute.

## IV

## *Conclusion*

McMannis was not in the custody of the State of Maryland within the meaning of Art. 27, § 645A(a) when this petition was filed, and consequently the Circuit Court for Allegany County was without jurisdiction to entertain the claim for relief under the Post Conviction Procedure Act.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY PETITIONER.

ing that, where available, does not require custody in any form as a prerequisite to jurisdiction. *Green,* as previously discussed in the text, involved a petition in Maine by a prisoner incarcerated in Maine.