894 F.2d 401
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Anthony GRANDISON, Petitioner-Appellant,
v.
WARDEN, MARYLAND STATE PENITENTIARY; Warden, U.S.
Penitentiary, Lewisburg, PA, Respondents-Appellees.
 No. 89-4004.
 United States Court of Appeals, Fourth Circuit.
 Argued: Oct. 2, 1989.
Decided: Jan. 12, 1990.
 
 Howard L. Cardin (Cardin & Gitomer, P.A., on brief), for appellant.
 Richard Bruce Rosenblatt, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief), for appellees.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and JAMES H. MICHAEL, Jr., United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Anthony Grandison has appealed the district court's dismissal without prejudice of his petition for a writ of habeas corpus, brought pursuant to 28 U.S.C. Sec. 2254. Finding that Grandison has not exhausted his state remedies, we affirm. We further reject Grandison's contention that his status as a federal prisoner precludes his ability to obtain state post-conviction relief.
 
 I.
 
 2
 Grandison is currently in federal custody. The state convictions at issue are the result of criminal conduct directly related to a federal narcotics prosecution. David Piechowicz and his wife, Cheryl, were scheduled to testify against Grandison in a narcotics case pending in the United States District Court for the District of Maryland. Grandison arranged with Vernon Evans for the murder of the couple, both of whom were employed at the Warren House Motel in Pikesville, Maryland. Cheryl's sister, Susan Kennedy, happened to substitute at work for Cheryl on April 28, 1983, and by misadventure was assassinated with David Piechowicz.
 
 
 3
 Prior to the state proceedings giving rise to the convictions challenged here, the United States filed a two-count indictment against Grandison and Evans in the United States District Court for the District of Maryland. The indictment charged witness tampering, 18 U.S.C. Sec. 1512, and civil rights violations based on interference with the right to be witnesses in a judicial proceeding, 18 U.S.C. Sec. 241. Grandison received a sentence of life plus ten years based upon ensuing federal convictions. He is presently serving the sentence at the federal penitentiary in Lewisburg, Pennsylvania.
 
 
 4
 The Circuit Court for Somerset County, Maryland, then convicted Grandison of two counts of first degree murder, one count of conspiracy to murder, and a handgun violation. A jury sentenced Grandison to death for both murders and he received consecutive sentences, one for life for the conspiracy conviction and one for 20 years for the handgun violation. The state sentences were imposed consecutive to Grandison's federal sentence.
 
 
 5
 In November 1985, the Maryland Court of Appeals affirmed both the conviction and the sentences. Grandison v. State, 305 Md. 685, 506 A.2d 580 (1986). The United States Supreme Court denied a petition for writ of certiorari. Grandison v. Maryland, 478 U.S. 1311 (1986). Grandison never filed a state of Maryland post-conviction petition relating to the state convictions but rather directly moved to seek federal habeas corpus relief pursuant to 28 U.S.C. Sec. 2254. The district court dismissed the action without prejudice on July 27, 1988, holding that Grandison had not exhausted four of the eight contentions raised. This appeal followed.
 
 II.
 
 6
 In the direct appeal of his conviction to the Maryland Court of Appeals, Grandison had raised over three dozen issues. In his petition for federal habeas corpus relief, Grandison raised eight issues. The district court ruled that Grandison had not exhausted in state court four of the eight issues. Those contentions by Grandison were that the third count of the indictment concerning conspiracy to commit murder failed to charge an offense; that the evidence was insufficient to sustain a finding of guilt for both the handgun offense and the first degree murder offenses; and that the state impermissibly introduced victim impact statements at the sentencing phase of trial.
 
 
 7
 Absent a valid excuse, a state prisoner must first present his habeas corpus claims to the state's courts. 28 U.S.C. Sec. 2254(b); Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider those claims. Strader v. Allsbrook, 656 F.2d 67, 67-68 (4th Cir.1981).
 
 
 8
 Grandison asserts that, though he did not raise the alleged defects in the indictment in the state court he is, nevertheless, free to do so directly and avoid the exhaustion doctrine because the alleged error is a jurisdictional one. Maryland asserts that the alleged error is merely one of form, and thus not a jurisdictional question. We do not find it necessary here to decide the question of what is form and what is substance. Even if the alleged defects in the indictment should raise a jurisdictional question, we see no reason to carve out an exception to the exhaustion requirement. Principles of comity require that Maryland delineate the jurisdiction of its own courts.
 
 
 9
 Turning to appellant's claims of insufficient evidence, appellant points to no evidence in the record that he raised all his claims of insufficient evidence in state court. Though the sufficiency of the evidence to support the murder convictions was considered by the Maryland Court of Appeals, 305 Md. at 767-69, 506 A.2d at 621-22, Grandison now presents an entirely different theory. Furthermore, he did not raise in any form his claim of insufficiency of the evidence to sustain a finding of guilt for the handgun violation. The failure to raise and exhaust even a single issue in state court is fatal to his federal habeas petition. Rose v. Lundy, 455 U.S. 509, 522 (1982) (habeas petitions containing both unexhausted and exhausted claims must be dismissed).
 
 
 10
 Appellant's next issue concerns the use of victim impact statements at the sentencing phase of his trial. Grandison did present the issue of their use to the Maryland Court of Appeals, which rejected it. Subsequent to the Maryland Court of Appeals' decision, the Supreme Court explicitly overruled Maryland's interpretation of the relationship between the United States Constitution and the Maryland law requiring the introduction of victim impact statements in capital sentencing proceedings. Booth v. Maryland, --- U.S. ----, ----, 107 S.Ct. 2529, 2536 (1987). Generally once an issue is presented to a state court, it is not necessary to relitigate it. There is, however, an exception. "As a general rule, state courts should have an opportunity to apply a recent change in constitutional law to a prisoner's case when the change was effectuated by a Supreme Court decision after the state courts have last considered the case." Wright v. Maryland Penitentiary, 429 F.2d 1101, 1104-05 (4th Cir.1970); see also Franklin v. Conway, 546 F.2d 579, 581 (4th Cir.1976). Grandison argues that nevertheless no relitigation is required because there is no substantial state interest in ruling once again on the claim. See Roberts v. Lavalle, 389 U.S. 40, 43 (1967).
 
 
 11
 The state, however, conceded at oral argument that Grandison's sentence, in light of Booth, is not valid. Maryland has offered him a new sentencing proceeding and does have a substantial interest in having a valid sentence imposed. Sentencing without recourse to victim impact statements may result in the meting out of the same punishment. We find, under the facts here present, that appellant has not exhausted the issue in state court.
 
 
 12
 In sum, Grandison has raised two claims in his federal habeas corpus petition that have never been presented in any form to the Maryland courts. He has raised a third claim that requires re-exhaustion in light of the Supreme Court's decision in Booth. The district court thus correctly dismissed Grandison's petition.
 
 III.
 
 13
 Finally, Grandison argues that because he is currently serving a federal sentence he is precluded from pursuing any state post-conviction relief. We are not persuaded. In McMannis v. State, 311 Md. 534, 536 A.2d 652 (1988), the Maryland Court of Appeals stated that:
 
 
 14
 When a state has imposed a sentence following conviction, and has lodged a detainer with another state, a strong argument may be made for recognition of post-conviction jurisdiction by the state issuing the detainer, where the challenge is to that state's conviction or sentence.
 
 
 15
 Id. at 543, 656. Language of the McMannis court belies Grandison's contention that, because he is not yet in state custody, no state post-conviction remedies are available to him. Grandison has made no attempt to obtain redress through state procedures. The entire prosecution of Grandison has been marked by cooperation between state and federal authorities. There is no reason to doubt that cooperation between federal and state authorities which has been evidenced heretofore would not continue to the post-conviction stage. Until Grandison can specifically show that state procedures are unavailable to him, he cannot escape the exhaustion requirement.
 
 
 16
 Accordingly, the judgment of the district court is
 
 
 17
 AFFIRMED.