908 A.2d 132

Kester **OBOMIGHIE**

v.

**STATE of Maryland.**

**No. 1672 Sept. Term, 2005.**

Court of Special Appeals of Maryland.

Sept. 22, 2006.

Kenneth W. Ravenell (Demetrious T. Zachoropoulos, Shulman, Treem, Kaminkow, Gilden & Ravenell, P.A., on brief), Baltimore, MD, for Appellant.

Gary E. O'Connor (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for Appellee.

Panel: SALMON, ADKINS and MEREDITH, JJ.

MEREDITH, J.

Kester Obomighie appeals the dismissal by the Circuit Court for Baltimore County of his petition for post conviction relief. Obomighie was convicted of second degree assault and was sentenced to 18 months of imprisonment, all suspended in favor of 18 months of supervised probation. He did not file his petition for post conviction relief until the 18 month probationary period had only one week remaining. Because Obomighie's probation had ended by the time his post conviction petition came before the circuit court for a hearing, the court concluded it had no jurisdiction to grant the petition.

The issue raised in this appeal is whether the circuit court retains jurisdiction to grant post conviction relief in a case when the petition was filed while the petitioner was on probation, but the hearing on the petition took place after the probationary period had ended. We agree with the circuit court that, once Obomighie's term of probation ended, it no longer had jurisdiction under Maryland's Uniform Postconviction Procedure Act to grant relief. The circuit court therefore properly dismissed the case.

## Procedural Background

Following a bench trial, Obomighie was convicted of second degree assault. On June 6, 2003, he was sentenced to 18 months of imprisonment, all of which was suspended in favor of 18 months of supervised probation. On November 29, 2004, Obomighie filed a petition seeking post conviction relief, alleging ineffective assistance of trial counsel. Obomighie's probation ended on December 6, 2004, seven days after the petition was filed and before the court acted on the petition. The circuit court conducted a hearing on August 9, 2005, and, on August 11, 2005, entered an order dismissing the case for want of jurisdiction because Obomighie was no longer on probation. Obomighie timely appealed to this Court.

## Analysis

 This case turns on the interpretation of the Uniform Postconviction Procedure Act ("UPPA"), Maryland Code (2001), Criminal Procedure Article, §§ 7–101 *et seq.*, and the Maryland rules implementing the UPPA. The interpretation of a statute is a question of law, which we review *de novo*. *Collins v. State*, 383 Md. 684, 688, 861 A.2d 727 (2004). In *Collins*, the Court of Appeals summarized the relevant rules of statutory construction, noting that we generally apply the plain language rule to unambiguous statutes:

> The cardinal rule of statutory construction is to ascertain and effectuate the intent of the Legislature. *See Melton v. State*, 379 Md. 471, 476, 842 A.2d 743, 746 (2004). We begin with the plain language of the statutes. As we have fre-

quently stated, if the statutory language is unambiguous when construed according to its ordinary and everyday meaning, then we give effect to the statute as written. *Id.* at 477, 842 A.2d at 746.

*Id.* at 688–89, 861 A.2d 727.

UPPA § 7–101 defines the scope of post conviction relief in Maryland. It reads:

This title applies to a person convicted in any court in the State who is:

(1) confined under sentence of death or imprisonment; or

(2) on parole or probation.

On its face, this language excludes Obomighie from the scope of post conviction relief. UPPA § 7–101 uses the present tense when it states that "[t]his title applies to a person ... who *is* ... on parole or probation." (Emphasis added). The statute does not refer to any time period when the condition of being on probation must be satisfied, but in no way implies that a person who files a petition while on probation will remain within the scope of the title after the probationary period ends. *See Ruby v. State,* 353 Md. 100, 106 n. 3, 724 A.2d 673 (1999) ("The [UPPA] does not provide a remedy, for example, when the defendant is not incarcerated or subject to parole or probation."); *Fairbanks v. State,* 331 Md. 482, 492 n. 3, 629 A.2d 63 (1993) ("Post-conviction and habeas corpus remedies are available only if the defendant is in custody or subject to conditions of parole or probation."); *Randall Book Corp. v. State,* 316 Md. 315, 321, 558 A.2d 715 (1989)(The UPPA "applies only to persons who are 'either incarcerated under sentence of death or imprisonment or on parole or probation.' ").

■ The statement in UPPA § 7–101 that the title "applies" to convicted persons who are either (1) confined, or (2) on parole or probation, is equivalent, under the doctrine of *expressio unius,* to saying that people who do not meet either of those requirements are ineligible for post conviction relief because they are outside the scope of the statute. *See Comptroller v. Blanton,* 390 Md. 528, 537, 890 A.2d 279 (2006)

("Maryland has long accepted the doctrine of *expressio (or inclusio) unius est exclusio alterius,* or the expression of one thing is the exclusion of the other.").

█ We recognize that UPPA § 7–102 states that "a convicted person may begin a proceeding under this title in the circuit court for the county in which the conviction took place *at any time . . . .*" (Emphasis added.) But the apparent conflict between UPPA § 7–101 (which limits the scope of the title, and the jurisdiction of the circuit court, to persons imprisoned or on parole or probation) and UPPA § 7–102 (which, on its face, permits initiating a proceeding under the UPPA "at any time") was resolved by the Court of Appeals in *McMannis v. State,* 311 Md. 534, 536 A.2d 652 (1988).[1] The Court held in *McMannis* that the custody requirement circumscribes the period during which post conviction relief may be granted notwithstanding the right to initiate a proceeding seeking such relief "at any time." The Court stated:

> The purpose of [the "at any time" language in § 7–102] is to permit the filing of a petition at any time, even while a direct appeal is pending, or long after the time for a direct appeal has passed, *provided* the custody requirement of [§ 7–101] is also met.

*Id.* at 540, 536 A.2d 652.[2] *McMannis* makes it clear that petitions may be "filed at any time," but only by persons

---

1. *McMannis* addressed Maryland Code (1957, 1982 Repl.Vol., 1987 Cum.Supp.), Article 27, § 645A, the predecessor to the current version of the UPPA that was adopted by the General Assembly in 2001. The UPPA was first adopted in Maryland in 1958. Edward A. Tomlinson, *Post–Conviction Relief in Maryland: Past, Present and Future,* 45 Md. L.Rev. 927, 932 (1986). Initially, only imprisoned persons were within its scope, but the statute was amended in 1965 to include people on parole or probation as well as those imprisoned. *Id.* at n. 18. The language of current UPPA § 7–101, which defines the scope of the UPPA, "was derived without substantive change from former Art. 27, § 645A(a)(1)" in 2001. Revisor's Note to UPPA § 7–101.

2. In *McMannis,* the Court referred to the predecessor of UPPA § 7–101(1) and (2) collectively "[f]or convenience . . . as the 'custody' requirement of our [post conviction] statute." 311 Md. at 539, 536 A.2d 652. Consequently, even though McMannis had been incarcerat-

within the scope of UPPA § 7–101, that is to say, only by persons who are either confined, or on parole or probation.

Even though Obomighie was on probation, and therefore within the scope of UPPA § 7–101 at the time he filed his petition, we nevertheless conclude that his right to seek relief under UPPA expired simultaneously with the termination of his probation. We reach this conclusion because the Court of Appeals held in *McMannis, supra,* 311 Md. at 541, 536 A.2d 652, that the requirement in UPPA § 7–101 that the petitioner be in custody is jurisdictional in nature. Obomighie, like *McMannis,* fell outside of the scope of UPPA § 7–101 on December 6, 2004, when his probation ended, thereby terminating the circuit court's jurisdiction over his petition. UPPA § 7–101.[3]

■ Notwithstanding the plain language of UPPA § 7–101 and the construction the Court of Appeals gave similar language in *McMannis,* Obomighie contends that UPPA § 7–101 must be read in conjunction with Maryland Rule 4–402, which prescribes the contents of a petition for post conviction relief. Obomighie argues that because Rule 4–402 does not require

---

ed, we see no indication the Court of Appeals would adopt a contrary interpretation with respect to the availability of post conviction relief for persons whose "custody" was the result of being on parole or probation.

3. Earlier cases had utilized a mootness analysis to deny post conviction relief to persons who had completed their sentences. *See, e.g., Tucker v. Warden,* 240 Md. 738, 215 A.2d 476 (1966) ("It appearing to the Court that the petitioner is no longer 'incarcerated under sentence of . . . imprisonment' (Acts of 1965, Chapter 442), and, as a consequence thereof, his application for leave to appeal has been rendered moot . . ."); *Noble v. Warden,* 221 Md. 581, 155 A.2d 664 (1959) (holding that an application for post conviction relief became moot when the prisoner was released from custody); *Jett v. Director,* 4 Md.App. 506, 507, 243 A.2d 608 (1968) (holding that a petition for post conviction relief became moot when the petitioner was "no longer 'incarcerated under sentence of death or imprisonment or on parole or probation' "). The Court of Appeals recognized, however, in *McMannis,* 311 Md. at 539, 536 A.2d 652, that collateral consequences, such as an enhanced prison term for a subsequent conviction, might render a claim of mootness inapplicable. Consequently, the holding in *McMannis* was grounded squarely upon a lack of statutory jurisdiction.

such petitions to state the date a term of incarceration or probation expires, Rule 4–402 therefore implies that a court continues to have jurisdiction over a properly filed petition for post conviction relief, even if the term of incarceration or probation ends before the court acts upon the petition.

Although a rule of procedure adopted by the Court of Appeals might take precedence over an earlier enacted procedural statute when the two are in conflict, *James v. Butler,* 378 Md. 683, 692, 838 A.2d 1180 (2003), we conclude that UPPA § 7–101 and Rule 4–402 are not in conflict. Rule 4–402 does no more than state the minimum requirements for a petition seeking post conviction relief, and does not purport to create or expand upon the petitioner's substantive rights to relief under UPPA.

Obomighie makes two additional arguments as to why the circuit court should have continuing jurisdiction to grant post conviction relief if the petitioner is within the scope of § 7–101 at the time the petition is filed. We shall address each briefly.

First, Obomighie points out that the date the hearing on his petition was scheduled was beyond his control, and he contends that his obligation to invoke the jurisdiction of the court was fully satisfied when he timely filed his petition. While he is correct that the scheduling of the hearing was beyond his control, his decision to file his petition 98.7 percent of the way through his probationary period virtually guaranteed that a hearing would not be scheduled in time to ensure that he remained eligible for relief under UPPA § 7–101.[4]

Second, Obomighie contends that the principles regarding survival of an appeal, set forth by the Court of Appeals in *Surland v. State,* 392 Md. 17, 895 A.2d 1034 (2006), require that this Court reverse the circuit court. We disagree. *Surland* dealt with the issue of whether a direct appeal of a

---

4. Under Maryland Rule 4–404, the State's Attorney was not required to file a response to the petition until 15 days after receiving notice of the filing of the petition. Therefore, the earliest date that a response would have been required to be filed would have been December 13, 2004, a week after Obomighie's probationary period ended.

conviction survives the death of the person convicted of the crime. Although the Court of Appeals held that an appeal of right could proceed after an appellant's death under certain circumstances, *id.* at 36, 895 A.2d 1034, the holding in *Surland* offers no support for Obomighie's position.

The Court of Appeals specifically limited its analysis in *Surland* to appeals of right. At the very beginning of the opinion, Judge Wilner stated for the Court:

> The law throughout the country seems clear, and by now mostly undisputed, that, if the defendant's conviction has already been affirmed on direct appeal and the death [of the convicted person] occurs while the case is pending further discretionary review by a higher court, such as on *certiorari*, the proper course is to dismiss the discretionary appellate proceeding and leave the existing judgment, as affirmed, intact. The Supreme Court has adopted that view, and so have we.

*Id.* at 19, 895 A.2d 1034.

In our view, the above quoted passage makes *Surland* inapplicable to Obomighie because Obomighie had the opportunity for a direct appeal of right but, after noting the appeal, dismissed it. As a consequence, the judgment of conviction remained intact. The petition for post conviction relief, as a collateral attack on the conviction, is more analogous to a discretionary appeal than to a direct appeal as a matter of right. Because the possibility of survival of an appeal, as recognized in *Surland*, would not apply to a discretionary appeal, *Surland* does not alter our conclusion that a court is without jurisdiction to grant a petition for post conviction relief after such point in time when the petitioner is no longer incarcerated, on parole, or on probation within the scope of UPPA § 7–101.[5]

---

5. The fact that Obomighie does not qualify for relief under UPPA does not necessarily leave him without any remedy. In *McMannis*, 311 Md. at 544, 536 A.2d 652, the Court of Appeals left the door open for McMannis to collaterally attack his conviction in the jurisdiction that was subsequently relying upon the judgment, stating: "When a chal-

716

THE JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE COUNTY IS AFFIRMED. COSTS TO BE PAID BY APPELLANT.

lenge to the validity of a foreign predicate conviction is lodged, we believe it is the jurisdiction utilizing that foreign conviction for enhancement of sentence which should bear the responsibility of resolving that controversy." Additionally, some convicted persons who are no longer in custody may qualify for relief through a writ of error *coram nobis*. See *Skok v. State*, 361 Md. 52, 760 A.2d 647 (2000).